FILED

2015 SEP 14 PM 4:27

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,
and THE STATE OF FLORIDA,
*ex rel.* THEODORE A. SCHIFF, M.D.

Plaintiffs,

v.

Case No. 8:15-cv-1506-T-23AEP

**EX PARTE**
**FILE UNDER SEAL**
**[31 U.S.C. § 3730(b)(2)]**

ROBERT A. NORMAN, D.O., ROBERT A. NORMAN, D.O., P.A., a Florida Professional Association, HEALTHCARE DEVELOPMENT, LLC, a Florida Limited Liability Company

Defendants.
_______________________________________/

## UNITED STATES' *EX PARTE* FIRST APPLICATION FOR AN EXTENSION OF THE SEAL AND INTERVENTION DEADLINE

For the reasons set forth herein, the United States of America respectfully petitions this Court for an *ex parte* Order under the False Claims Act ("FCA"), as amended, 31 U.S.C. § 3730(b)(3), extending the seal and intervention deadline from September 14, 2015, to and including March 14, 2016.

This is the first extension request that the United States has made in this case. Counsel for relator Theodore A. Schiff, M.D. ("Dr. Schiff" or "Relator") has been advised of, and concurs in, this application for an extension of the seal and intervention period.



AP
S-4

**FACTS**

Relator filed this *qui tam* Complaint under the FCA, 31 U.S.C. §§ 3729 - 3733, on or about June 25, 2015, and perfected service on the United States on July 16, 2015. Pursuant to 31 U.S.C. § 3730, and Fed. R. Civ. P. 6(a)(1)(C), the initial 60-day seal and intervention period thus expires on September 14, 2015.

In his *qui tam* complaint, Relator identifies himself as a double board certified medical doctor in dermatology and dermatopathology. Relator also serves as president and principal owner of Water's Edge Dermatology, LLC. The complaint names Defendants Robert A. Norman, D.O. ("Norman"); Robert A. Norman D.O., P.A.; and Healthcare Development, LLC[1] (collectively, the "Defendants"). Relator alleges that Defendants provide dermatological services to patients in the State of Florida. Relator alleges that Defendants routinely "upcode" radiation treatments provided to patient using a Current Procedural Terminology Code ("CPT Code") inapplicable to the services rendered. Consequently, Relator alleges that, in the course of its business, Defendants have defrauded the United States, as it has acted through the Department of Health and Human Services, Centers for Medicare and Medicaid Services ("CMS").

Specifically, Relator alleges:

- Defendants have treated patients for skin cancer using a superficial

---

[1] Upon information and belief, Relator mistakenly named Healthcare Development, LLC, which is not owned or under the control of Dr. Robert Norman, as a defendant in this action. Per the State of Florida's Division of Corporation's website, Dr. Robert Norman owns a company called Dermatology Healthcare, LLC. *See* http://search.sunbiz.org/Inquiry/CorporationSearch/ByName (search "Dermatology Healthcare, LLC") (last visited Sept. 14, 2015).

radiation therapy machine produced by Sensus known as the SRT-100 (the "SRT-100"), which is only capable of emitting a low dose of radiation;

- Reimbursements for treatments using the SRT-100 are appropriately billed under CPT Code 77401 for superficial radiation treatment;
- Notwithstanding their use of superficial radiation therapy, Defendants have sought reimbursement from CMS using the more lucrative CPT Code 77402, which CMS will reimburse doctors use a Linear Accelerator to irradiate a patient;
- A Linear Accelerator is a complex, expensive radiation machine that is capable of generating radiation levels 50 times greater than the radiation level generated by the SRT-100;
- The CMS reimbursement rate for CPT Code 77402 is approximately seven times greater than the reimbursement rate for CPT Code 77401; and
- Defendants also sought reimbursement from CMS using CPT Codes that are not reimbursable when a patient is treated only with superficial radiation.

In sum, Relator alleges that, because Defendants have obtained federal monies, grants, reimbursements, and other benefits, they have thereby submitted false claims to the United States or otherwise defrauded the United States.

## ANALYSIS

Under 31 U.S.C. § 3730(b)(2), a FCA *qui tam* complaint is filed *in camera*, remains under seal for at least sixty (60) days, and shall not be served on the defendant until the Court so orders. Pursuant to 31 U.S.C. § 3730(b)(3), the Government may, for good cause, move the Court for extensions of the time during which the complaint is to remain under seal.

The sealing of the complaint and other related filings is crucial to protect the Government's investigation and to safeguard from public scrutiny certain sensitive information which would come to light were the proceedings to become public knowledge either by way of reports published in the media or otherwise.

Since this case was filed, counsel for the United States has:

- Received and reviewed Relator's Complaint;
- Contacted and coordinated with federal agencies whose programs are potentially affected by the allegations, as well as with officials of the Department of Justice;
- Contacted and coordinated with the Office of the Attorney General of Florida, which intends to participate in the investigation of this matter; and
- Requested a claims history for Defendants.

The requested extension is needed to allow, among other things, the United States to:

- Conduct an interview of the Relator, which is expected to occur on October 5, 2015;

- Identify, locate, and interview witnesses, including former employees of Defendants;
- Request and obtain documents from the above persons and entities; and
- As additional evidence and information is gathered, confer with counsel for the affected agencies regarding the results and legal ramifications of the information learned.

An extension of time will enable the Government to undertake the above efforts and to ultimately make an informed decision as to whether to take over this action pursuant to 31 U.S.C. § 3730(b)(4).

Counsel for Relator has been informed of the Government's request for an extension of the seal and intervention period and concurs herein.

**PARALLEL EXTENSION REQUEST AS TO THE STATE OF FLORIDA**

Relator's Complaint includes a count on behalf of The State of Florida under its False Claims Act, §§ 68.081-68.092, Fla. Stats. While counsel for the United States does not represent the State of Florida, it would be contrary to the interests of judicial economy to require the Court to consider similar motions for enlargement, and separate proposed orders, from both the United States and Florida.

Thus, counsel for the United States hereby notifies the Court that—through the assigned Assistant Attorney General for the State of Florida—the State has expressed an interest in a corresponding enlargement, to March 14, 2016, of the seal and intervention deadline under the Florida False Claims Act. § 68.083(5), Fla.

Stats.

Counsel for Relator likewise consents to such an extension with regard to the State of Florida.

**CONCLUSION**

For the reasons discussed above, the United States respectfully requests that it be granted an extension of the intervention period, from September 14, 2015, to and including March 14, 2016, in which to conduct its investigation and determine whether to intervene in this case, and that during this time the complaint and other filings in this case remain under seal, except as otherwise ordered by the Court.

Dated this 14th day of September, 2015.

Respectfully Submitted,

A. LEE BENTLEY, III
United States Attorney

CHRISTOPHER J. EMDEN
Assistant United States Attorney
USAO No. 158
400 North Tampa Street, Suite 3200
Tampa, FL 33602
Telephone No. (813) 274-6000
Facsimile No. (813) 274-6200
Email: Christopher.Emden@usdoj.gov

*Attorneys for the United States of America*

**CERTIFICATE OF NO SERVICE**

I HEREBY CERTIFY that the foregoing *Ex Parte First Application for Extension of Seal and Intervention Deadline* was not served on any party--including Relator and her Counsel--because it contains confidential details of the United States' investigation.

**CERTIFICATE UNDER LOCAL RULE 3.01(g)**

I HEREBY CERTIFY that counsel for Relator has been contacted and has agreed to the above-requested extension of the seal and intervention period.

CHRISTOPHER J. EMDEN
Assistant United States Attorney