FILED

2015 OCT -5 PM 3:01

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**EX PARTE**
**UNDER SEAL**

UNITED STATES OF AMERICA
and STATE OF FLORIDA,
*ex rel.* THEODORE A. SCHIFF, M.D.,

Plaintiffs,

v. CASE NO. 8:15-cv-1506-T-23AEP

ROBERT A. NORMAN, D.O., et al.,

Defendants.
______________________________/

## ORDER

The time for Florida to intervene in this *qui tam* action expired on August 29, 2015. A September 16 order (Doc. S-5) grants the United States' timely motion for additional time to decide whether to intervene. Although the United States' motion explained that Florida "expressed an interest in a corresponding enlargement . . . of the seal and intervention deadline" (Doc. S-4 at 5), Florida failed to move timely for an extension or to join timely the United States' motion. A month after the deadline, Florida moves (Doc. S-6) "for entry of order *nunc pro tunc* extending the intervention deadline as to Florida" but cites no authority allowing a retrospective extension.[1]

---

[1] *Black's Law Dictionary* (10th ed. 2014) defines *nunc pro tunc* as "[h]aving retroactive legal effect through a court's inherent power."

S-7

*Justice v. Town of Cicero, Ill.*, 682 F.3d 662, 664 (7th Cir. 2012) (Easterbrook, J.), summarizes the effect and the limit of *nunc pro tunc*:

> *Nunc pro tunc*, a Latin phrase, means "now for then." A judge has the power to change records so that they show what actually happened. Thus if Justice had filed his motion on November 22, and the clerk's office had erroneously treated it as filed on November 23, the judge could correct the records to show the right date. But that's not what occurred here. The judge changed the records to show that the motion had been filed a day before its arrival. That is an improper use of the *nunc pro tunc* procedure — a point this court has made repeatedly. A judge who lacks the authority to grant an extension of time, see Rule 6(b)(2), can't achieve the same end by calling the extension a "*nunc pro tunc* order" and backdating a document.

(citations omitted). In other words, *Justice* condemns a "*nunc pro tunc* order" that, by retrospectively granting a request, extends the deadline for that request. Further, George L. Phillips, *An Exposition of the Principles of Pleading Under the Codes of Civil Procedure* 560 (1896), explains:

> It sometimes happens that an order . . . that should be entered upon the record, is inadvertently omitted therefrom. To cure such omission, the court may, upon motion make what is called an entry *nunc pro tunc* . . . . The power of the court to correct such omissions in this way rests upon the maxim *actus curiae reminem gravabit* — an act of the court shall prejudice no one.

Under Section 68.083(3), Florida Statutes, Florida "may elect to intervene and proceed with [this] action, on behalf of the state, within 60 days after it receives both the complaint and the material evidence and information." Although under Section 68.083(5) Florida "may, for good cause shown, request the court to extend the time during which the complaint remains under seal," "[b]efore the expiration of the 60-day period or any extensions" under Section 68.083(6) Florida must either "[p]roceed with the action" or "[n]otify the court that it declines to take over the action." Thus, upon the expiration of sixty days, unless Florida has moved for an

extension within the sixty days, (1) Florida effectively "declines to take over the action," (2) the relator obtains "the right to conduct the action," and (3) the complaint appears in the public docket.[2] *See United States* ex rel. *Montejo v. Adventist Health System Sunbelt Healthcare Corp.*, No. 8:13-cv-206-T-23-AEP, Doc. 25 (M.D. Fla. Jan. 16, 2015) ("[T]hrough silence, Florida declines to intervene."). A retrospective extension would prejudice each party.

The September 16 order states, "Florida fails to move for an extension or to join the United States' motion." (Doc. S-5 at 1) "The order [is] final. To relate the [request for an extension] back to [before the end of the sixty days] would destroy th[e] order[] and affect the rights of the parties thereunder. An order may be entered *nunc pro tunc* to make the record speak the truth but it cannot supply an order which in fact was not previously made." *Crosby v. Mills*, 413 F.2d 1273, 1277 (10th Cir. 1969) (Breitenstein, J.). No authority exists to allow a retrospective extension, sought after expiration of the statutorily permitted sixty days. Accordingly, Florida's motion (Doc. S-6) "for entry of order *nunc pro tunc* extending the intervention deadline as to Florida" is **DENIED**.

ORDERED in Tampa, Florida, on October 5th, 2015.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

[2] However, in this action the complaint remains under seal because the September 16 order grants the United States' motion for additional time to maintain the complaint under seal.