FILED
ESC
2016 MAR 11 PM 4:10

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,
and STATE OF FLORIDA,
*ex rel.* THEODORE A. SCHIFF, M.D.,

Plaintiffs,

v.

Case No. 8:15-cv-1506-T-23AEP

**EX PARTE**
**FILE UNDER SEAL**
**[31 U.S.C. § 3730(b)(2)]**

ROBERT A. NORMAN, D.O., et al.,

Defendants.
_______________________________________/

**UNITED STATES' SECOND *EX PARTE* APPLICATION FOR AN EXTENSION OF THE SEAL AND INTERVENTION DEADLINE**

The United States of America respectfully petitions this Court for an *ex parte* Order under the False Claims Act ("FCA"), as amended, 31 U.S.C. § 3730(b)(3), extending the seal and intervention deadline from March 14, 2016, to and including July 14, 2016.

This is the second extension request that the United States has made in this case. Counsel for relator Theodore A. Schiff, M.D. ("Dr. Schiff" or "Relator") has informed the United States that Relator consents to the extension of the seal and intervention period.



S-8

## FACTS

Relator filed this *qui tam* Complaint under the FCA, 31 U.S.C. §§ 3729 – 3733. In his *qui tam* complaint, Relator identifies himself as a double board certified medical doctor in dermatology and dermatopathology. Relator also serves as president and principal owner of Water's Edge Dermatology, LLC. The complaint names three parties as defendants: Robert A. Norman, D.O. ("Dr. Norman"); Robert A. Norman D.O., P.A.; and Healthcare Development, LLC[1] (collectively, the "Defendants"). Relator alleges that Defendants provide dermatological services to patients in the State of Florida. Further, Relator alleges that Defendants routinely "upcode" radiation treatments provided to patients using Current Procedural Terminology Codes ("CPT Codes") inapplicable to the services rendered. Consequently, Relator alleges that, in the course of their business, Defendants have defrauded the United States, as it has acted through the Department of Health and Human Services, Centers for Medicare and Medicaid Services ("CMS").

Specifically, Relator alleges:

- Defendants have treated patients for skin cancer using a superficial radiation therapy machine produced by Sensus Healthcare, LLC

---

[1] Upon information and belief, Relator mistakenly named Healthcare Development, LLC, which is not owned or under the control of Dr. Robert Norman, as a defendant in this action. Per the State of Florida's Division of Corporation's website, Dr. Robert Norman owns a company called Dermatology Healthcare, LLC. *See* http://search.sunbiz.org/Inquiry/CorporationSearch/ByName (search "Dermatology Healthcare, LLC") (last visited Sept. 14, 2015).

("Sensus") known as the SRT-100 (the "SRT-100"), which is only capable of emitting a low dose of radiation;

- Reimbursements for superficial radiation treatments using radiation machines like the SRT-100 are appropriately billed under CPT Code 77401;
- Notwithstanding their use of superficial radiation therapy, Defendants have sought reimbursement from CMS using the more lucrative CPT Code 77402, which is typically reimbursable when doctors use a radiation machine like a linear accelerator to irradiate a patient;
- A linear accelerator is a complex, expensive radiation machine that is capable of generating radiation levels 50 times greater than the radiation level generated by the SRT-100;
- The CMS reimbursement rate for CPT Code 77402 is approximately seven times greater than the reimbursement rate for CPT Code 77401; and
- Defendants have also sought reimbursement from CMS using other CPT Codes that are not reimbursable when a patient is treated only with superficial radiation.

Relator alleges that, because Defendants have obtained federal monies, grants, reimbursements, and other benefits, they have thereby submitted false claims to or otherwise defrauded the United States.

## ANALYSIS

Under 31 U.S.C. § 3730(b)(2), an FCA *qui tam* complaint is filed *in camera*, remains under seal for at least sixty (60) days, and shall not be served on the defendant until the Court so orders. Although the FCA provides for an initial sixty-day seal period, Congress expressly contemplated that the United States might require additional time within which to investigate *qui tam* actions and decide whether to intervene. Thus, pursuant to 31 U.S.C. § 3730(b)(3), the United States may, for good cause, move the Court for extensions of the time during which the case is to remain under seal.

Good cause exists for an extension of the seal period in this case. The United States has actively investigated Relator's allegations, but additional time is needed to make a fully informed intervention decision. During the present extension period, counsel for the United States has:

- Conducted an interview of the Relator;
- Interviewed a former employee of Defendants;
- Met with personnel at Moffitt Cancer Center to view and learn more about linear accelerators;
- Issued Civil Investigative Demands ("CID") to each of the Defendants and another known business of Dr. Norman. Coordinated and negotiated with counsel for Defendants over the parameters and scope of their responses to the CID;
- Issued a CID to Sensus and negotiated parameters for searching

electronic discovery with Sensus' counsel;

- Reviewed initial documents produced by Dr. Norman and Sensus in response to the CIDs;
- Retained and consulted with a radiation oncology billing expert;
- Coordinated with the Office of the Attorney General of Florida to obtain Medicaid claims data and other information pertinent to the United States' investigation;
- Analyzed Defendant's Medicare and Medicaid claims data; and
- Coordinated with federal agencies whose programs are potentially affected by the allegations, as well as with officials of the Department of Justice.

The requested extension is needed to allow, among other things, the United States to:

- Receive and review documents produced by Defendants and coordinate with their counsel over the adequacy and completeness of their CID responses;
- Receive and review documents produced by Sensus and coordinate with its counsel over the adequacy and completeness of the company's CID response;
- Work with our radiation oncology billing expert for the review of patient files produced by Defendants;
- Conduct interviews of former employees of Defendants and continue

efforts to identify, locate, and interview other relevant witnesses;

- Request and obtain documents from the above persons and entities; and
- As additional evidence and information is gathered, confer with counsel for the affected agencies regarding the results and legal ramifications of the information learned.

The sealing of the complaint and other related filings during this period is crucial to protect the United States' investigation. By requiring that *qui tam* complaints be filed under seal, and allowing for extensions of the seal period, the FCA provides that the Government should be given the opportunity to investigate the relator's allegations and make an informed intervention decision before the relator's complaint is made public and the Government's ability to investigate is compromised.

Relator consents to the United States' request for an extension of the seal and intervention period.

## CONCLUSION

For the reasons discussed above, the United States respectfully requests that it be granted an extension of the intervention period, from March 14, 2016, to and including July 14, 2016, in which to conduct its investigation and determine whether to intervene in this case, and that during this time the complaint and other filings in this case remain under seal, except as otherwise ordered by the Court.

Dated: March 11, 2016

Respectfully Submitted,

A. LEE BENTLEY, III
United States Attorney

CHRISTOPHER J. EMDEN
Assistant United States Attorney
USAO No. 158
400 North Tampa Street, Suite 3200
Tampa, FL 33602
Telephone No. (813) 274-6000
Facsimile No. (813) 274-6200
Email: Christopher.Emden@usdoj.gov

*Attorneys for the United States of America*

**CERTIFICATE OF NO SERVICE**

I HEREBY CERTIFY that the foregoing *Second Ex Parte Application for Extension of Seal and Intervention Deadline* was not served on any party--including Relator and her Counsel--because it contains confidential details of the United States' investigation.

**CERTIFICATE UNDER LOCAL RULE 3.01(g)**

I HEREBY CERTIFY that the Relator has agreed to the above-requested extension of the seal and intervention period.

CHRISTOPHER J. EMDEN
Assistant United States Attorney