**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA; and
The STATE OF FLORIDA, ex rel,
THEODORE A. SCHIFF, M.D.

Plaintiffs, CASE NO.: 8:15-cv-1506-T-23AEP

v.

ROBERT A. NORMAN, D.O.,
ROBERT A. NORMAN, D.O., P.A., a
Florida professional association
HEALTHCARE DEVELOPMENT,
LLC, a Florida Limited Liability
Company

Defendants.

______________________

**RELATOR'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**
**AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Plaintiff, Theodore A. Schiff, the *qui tam* relator ("Relator"), by and through his undersigned counsel, hereby respectfully moves this Court for an Order permitting him to file a First Amended Complaint. A copy of Relator's proposed First Amended Complaint is attached hereto as Exhibit "A".

The undersigned has communicated with counsel for the defendants who do not oppose the Motion. The undersigned has also communicated with the United States which has no position on the filing of the amended complaint.

## I. FACTUAL BACKGROUND

Proceeding on behalf of the United States pursuant to the federal False Claims Act, 31 U.S.C. §§3729, *et. seq*., as well as on behalf of the state named above, Relator filed his initial

complaint under seal on July 1, 2015. Relator now seeks leave to file a First Amended Complaint, to, inter alia, remove Healthcare Development, LLC a Florida limited liability company ("HCD") as a Defendant and name Dermatology Healthcare, LLC, a Florida limited liability company as a Defendant, to add Carol Norman as a Defendant, and to make certain further amendments to the complaint.

## II. ARGUMENT

### A. Leave to Amend Should be Granted

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleading at any time by leave of the court, which "shall be freely given when justice so requires." *Estate of Cosio v. Alvarez* No. 05-16057, U.S. 2006 U.S. Dist. LEXIS 12893 *4 (11th Cir. May 23, 2006). If the movant has at least colorable grounds for relief, justice requires allowing amendments unless the movant is guilty of undue delay or bad faith, if the amendment would unduly prejudice the opposing party or if the amendment would be futile. *Foman v. Davis, 371 U.S. 178 (1962)*; *Gonzalez-Perez v. Hospital Interamericano De Medicina Avanzada*, 355 F.3d 1, 5-6 (1st Cir. 2004).

Here, no reason exists to deny Relator the opportunity to amend the complaint. The case has yet to move into active litigation. Nor is the amendment the result of bad faith or dilatory motive. The failure to cure deficiency and futility of amendment factors are inapplicable at this preliminary stage. Finally, there is no evidence of prejudice or undue delay. The prejudice factor carries the greatest weight and when it is absent, there is a presumption under Rule 15 in favor of granting leave to amend. *Subaru of New England v. General Ship Co.*, 142 F.R.D. 578, 580 (D. Mass 1992) ("In the absence of prejudice, the liberal provisions of Rule 15(a)…is to be given effect.")

**CONCLUSION**

For the forgoing reasons, Relator respectfully requests leave to file a First Amended Complaint.

**CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to Local Rule 3.01(g); Fed.R.Civ.P.26(c), Before filing this motion counsel for Relator has conferred with counsel for defendants and counsel for defendants indicates defendants do not oppose the filing of the within motion.

KLITZMAN LAW GROUP, PLLC
Lawrence S. Klitzman, Esquire
(Florida Bar No. 312878)
1391 Sawgrass Corporate Parkway
Sunrise, Florida 33323
Tel: (954)-384-4421
Fax: (954)-389-3579

BERGER & MONTAGUE, P.C.
Daniel R. Miller, Esquire
1622 Locust Street
Philadelphia, Pennsylvania 19103
Tel: (215)-875-3000
Fax: (215)-875-5807

***Attorneys for the Relator***

Dated: December 5, 2016

**EXHIBIT "A" - PROPOSED FIRST AMENDED COMPLAINT**