**UNITED STATES DISCTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA, and**
**THE STATE OF FLORIDA, ex reel,**
**THEODORE A. SCHIFF, M.D.,**

**Plaintiffs,** **Case No. 8:15-cv-1506-T-23AEP**

**v.**

**ROBERT A. NORMAN, D.O.,**
**CAROL NORMAN,**
**ROBERT A. NORMAN, D.O., P.A., a Florida professional association,**
**DERMATOLOGY HEALTHCARE, LLC, a Florida Limited Liability Company,**

**Defendants.**

**_____________________________________/**

**DEFENDANTS' ROBERT A. NORMAN, D.O., CAROL NORMAN, ROBERT A. NORMAN, D.O., P.A., AND DERMATOLOGY HEALTHCARE, LLC, MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND MEMORANDUM OF LAW**

Defendants, Robert A. Norman, D.O. (Norman), Carol Norman (C. Norman), Robert A. Norman, D.O., P.A.(Norman P.A.), and Dermatology Healthcare, LLC (Derm. LLC), (collectively referred to as "Defendants"), pursuant to Rules 9(b), and 12(b)(6), Federal Rules of Civil Procedure, move to dismiss the First Amended Complaint.

## I. INTRODUCTION

Theodore A. Schiff, M.D., (Relator), filed a First Amended Complaint [Dkt 20] against the Defendants, alleging violations of 31 U.S.C. §3729, et. seq., the Federal False Claims Act (FCA), and Florida Statutes §68.082, et. seq., the Florida False Claims Act (FFCA). Norman is a dermatologist who provides superficial radiation treatment for his patients. As a result of those treatments, Relator, who is not an employee of Norman P.A. or, Derm. LLC, alleges the

Defendants engaged in two schemes of alleged fraudulent conduct: (1) up coding billed services (First Amended Complaint ¶¶57-72); and (2) billing for unsupervised services (First Amended Complaint ¶¶73-80). As set forth by Defendants in detail below, Relator's First Amended Complaint must be dismissed for failure to state a cause of action. Specifically, Relator has failed to sufficiently plead a single cause of action against Defendants due to the following fatal deficiencies in Relator's First Amended Complaint: (a.) failure to plead fraud with particularity as required pursuant to FRCP Rule 9(b), (b.) failure to set forth facts sufficient to state a cause of action under the FCA, (c.) failure to sufficiently plead a violation the FFCA consistent with the requirements of Rule 9(b) and Rule 12(b)(2), and (d.) failure to allege facts sufficient to stat e a cause of action for conspiracy. As a result of the deficiencies described in detail below, Defendants request that the Court enter an order granting dismissal of Relator's First Amended Complaint.

## II. ARGUMENT

### A. The First Amended Complaint Should be Dismissed Because Relator Fails to Plead Fraud with Particularity Pursuant to Rule 9(b).

Claims asserted under the FCA are subject to the stricter pleading standards of Rule 9(b), Federal Rules of Civil Procedure. *United States of America, ex rel. Clausen v. Lab. Corp. of Am.*, 290 F. 3d 1301, 1308-09 (11th Cir. 2002). "The particularity requirement of Rule 9 is a nullity if Plaintiff gets a ticket to the discovery process without identifying a single claim." *United States of America, ex rel. Atkins v. Charles M. McInteer, M.D.*, 470 F. 3d 1350, 1359 (11th Cir. 2006). For this reason, the Eleventh Circuit has explained that "[t]he whistle must be blown not only loudly, but with Rule 9(b) particularity *in the complaint* before the courts will listen." *Id.* at 1357 (citations omitted) (emphasis in original). To this end, "[t]he particularity rule serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which

they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." *Id.* at 1359 (quotations omitted).

An FCA complaint "satisfies Rule 9(b) if it sets forth facts as to *time*, *place*, and *substance* of the defendant's alleged fraud, specifically the details of the defendants' allegedly fraudulent acts, *when they occurred*, and *who engaged in them*." *Hopper v. Solvay Pharmaceuticals, Inc.*, 588 F. 3d 1318, 1324 (11th Cir. 2009) (quotation omitted) (emphasis in original). Nevertheless, because the submission of an alleged "false claim" for payment itself is the *sine qua non* of an FCA violation, dismissal is mandated even where a relator "provide[s] the 'who,' 'what,' 'where,' 'when,' and 'how' of improper practices, but he fail[s] to allege the 'who,' 'what,' 'where,' 'when,' and 'how' of fraudulent submissions to the government." *Corsello v. Lincare, Inc.*, 428 F. 3d 1008, 1014 (11th Cir. 2005); *see also Clausen*, 290 F. 3d at 1311 (holding that Rule 9(b) "does not permit a False Claims Act plaintiff merely to describe a private scheme in detail but then to allege simply and without any stated reason for his belief that claims requesting illegal payments must have been submitted, were likely submitted or should have been submitted to the Government"). Instead, "some indicia of reliability must be given in the complaint to support the allegation of *an actual false claim* for payment being made to the Government." *Clausen*, 290 F. 3d at 1311 (emphasis in the original). District Courts should to evaluate "whether the allegations of a complaint contain sufficient indicia of reliability to satisfy Rule 9(b) on a case-by-case basis." *U.S. ex rel. Atkins v. McInteer*, 470 F. 3d 1350, 1358 (11th Cir. 2006). The "central question," then in a claim brought under the FCA, is "whether the defendant ever presented a 'false or fraudulent claim' to the government." *Hopper*, 588 F. 3d at 1326 (quoting *Clausen*, 290 F. 3d at 1311). "Without the *presentment* of such a claim, while the practices of an entity that provides services to the Government may be unwise or improper, there

simply is not actionable damage to the public as required under the False Claims Act." *Clausen*, 290 F. 3d at 1311. "The False Claims Act does not create liability merely for a [government contractor's] disregard of Government regulations or improper internal policies unless, as a result of such acts, the [government contractor] knowingly asks the Government to pay amounts it does not owe." *Id*. The submission of a false claim is, after all, the *sine qua non* of an FCA violation. *Id*.

The Relator in this instance has failed to properly plead a cause of action under the FCA. Relator has conveniently and confusingly lumped all of the Defendants together "interchangeably" as responsible parties for each claim asserted. (*First Amended Complaint ¶¶ 12*). Relator has also alleged that Norman and C Norman both are equally responsible for the submission of the billing for Norman PA and Derm. LLC. (*First Amended Complaint ¶ 81 and ¶ 82)*. Relator is also required to more particularly allege the "who", "what", "where", "when", and "how" for *each party defendant*, including identifying the actual time period that the alleged fraud occurred, so each defendant can more fully understand the alleged misconduct. *See American Dental Association vs. Cigna Corporation 605 F. 3d 1283, 1291 (11th Cir. 2010).* Moreover, although the Relator alleges the "NORMAN GROUP" billed Medicare in 2012 and 2013, the Relator is required to allege the source of that information and identify who billed those amounts. *(First Amended Complaint at ¶ 84 and ¶ 85).* This is also important because that information is most likely publically available and Relator has denied in ¶6, First Amended Complaint, that the allegations were not based on publically disclosed information. Without this information, Relator could not plead a cause of action against the Defendants because he could not allege that the bills were actually submitted to the Government.

In order to sufficiently state a cause of action under the FCA sufficient to withstand a motion to dismiss, the Relator is required to allege more than conclusory statements as to how the Defendants knew the billings were false. As evidenced on the face of the First Amended Complaint, Relator has failed to make the necessary factual allegations. Finally, the Relator must identify specifically with whom he spoke to at the Norman group and at the Facilities and the exact dates and content of those conversations. *(First Amended* Complaint ¶¶ *59, 73, 74, and 79).* As demonstrated by the foregoing, Relator has failed to meet the strict pleading standards of FRCP Rule 9(b) for fraud. Therefore, Relator's First Amended Complaint must be dismissed.

B. Relator Fails to State a Cause of Action Under The FCA.

In addition to the requirements under Rule 9(b), Relator also fails to state a cause of action under the FCA as a result of Relator's failure to allege facts sufficient to meet the requirements of FRCP Rule 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," and the complaint must cross "the line between possibility and plausibility of entitlement to relief." *Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-66 (2007) (citations omitted). As the Supreme Court held in *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009):

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Thus, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id.* at 663 (citing *Twombly*, 550 U.S. at 555).

Relator's factual allegations must include the specific misrepresentations by Defendants about any billing submitted for payment to the government or the Defendant's failure to disclose noncompliance with applicable regulations either of which were material to the government's pay to decision. This is critical as the Relator has alleged that certain amounts were billed and only certain amount were paid. *(First Amended Complaint ¶ 84 and ¶ 85).* The fact that portions of the amount billed were paid implies that the billings were reviewed and someone determined that some should have been paid and others should not be not paid. In other words any infraction in the billings as suggested by the Relator. The Relator has postulated his interpretation as to what should be proper billing particularly with respect to radiation treatment but his own allegations suggest the CPT codes may be subject to a different interpretation. For example, paragraph 28 suggests that CPT Code 77402 could be used for radiation levels up to a certain level and the superficial radiation levels referred to in paragraph 25, would fall within the levels specified by CPT Code 77402. Relator also alleged in paragraph 85 that certain codes"…would not typically be used in the setting of superficial radiation therapy…" but he does not allege that billing under those codes would be false. Accordingly, allegations of materiality are necessary to state a cause of action under the FCA and mere conclusory statements are insufficient to withstand a motion to dismiss.

C. Count II Must be Dismissed as Relator Fails to State a Cause of Action for Conspiracy.

To state a cause of action for conspiracy under the False Claims Act, the relators must allege "(1) that the defendant conspired with one or more persons to get a [false] or fraudulent claim paid by the United States; (2) that one or more of the conspirators performed any act to effect the object of the conspiracy; and (3) that the United States suffered damages as a result of the false or fraudulent claim." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005).

The Relator must plead some factual basis to support the existence of a conspiracy, including participation in a conspiratorial agreement. It is not enough to simply state that a conspiracy existed without setting out the facts of the alleged agreement between the co-conspirators constituting an alleged violation of the False Claims Act. *Corsello*, 428 F. 3d at 1014; *United States of America. Bame v. Breathe Easy Pulmonary Services., Inc. 597 F. Supp. 2d 1280, 1289, (MD. Fla. 2009)*; *see also JES Props., Inc. v. USA Equestrian, Inc.*, 253 F. Supp. 2d 1273, 1279-80 (M.D. Fla. 2003) (analyzing a civil conspiracy claim and stating that "[t]here must be evidence that tends to exclude the possibility that the parties were acting independently" and that there existed a "conscious commitment to a common scheme designed to achieve an unlawful objective."). Moreover, a corporation's officers, directors and employees are incapable of forming a conspiracy. *Dickerson v. Alachua County Com'n, 200 F.3d 761* (11th Cir. 2000) (Intra-Corporate Conspiracy Doctrine provides it is not possible for a corporation, its employees, officers, and/or directors to conspiring among themselves). Other than the tired allegation in paragraph 94—similar to the allegation that was found to be deficient in *Corsello*—that "Defendants . . . entered into an agreement to have the United States pay false or fraudulent claims by entering into a conspiracy", the First Amended Complaint lacks a factual basis to support any alleged conspiracy. *(First Amended Complaint* ¶¶ 93-94).

D. Count III Must be Dismissed as Relator Fails to State a Claim Under the FFCA.

Relator's allegations in Count III for violation of the Florida False Claims Act ("FFCA") suffer from the same infirmities as Relator's claims under the FCA. Namely, Relator fails to set forth facts sufficient to meet the requirements of FRCA Rule 9(b) and Rule 12(b)(2). As explained in detail in Part A, as with claims under the FCA, in order to sufficiently set forth a claim under the FFCA, the Relator is required to allege more than conclusory statements as to how

the Defendants knew the billings were false. As evidenced on the face of the First Amended Complaint, Relator has failed to make the necessary factual allegations to withstand a motion to dismiss its cause of action for violation of the FFCA pursuant to FRCA Rule 9(b) and Rule 12(b)(2). Again, as detailed in Part A, *supra*, the Relator fails to identify specifically in his First Amended Complaint the individuals whom he spoke to at the NORMAN GROUP, nor at which Facilities such conversations took place, nor the exact dates and/or content of those alleged conversations. *(First Amended* Complaint ¶¶ *59, 73, 74, and 79).* As demonstrated by the foregoing, Relator has failed to meet the strict pleading standards of FRCP Rule 9(b) for fraud or FRCP Rule 12(b)(6) requiring something more than conclusory allegations in order to withstand a motion to dismiss. Therefore, Relator's First Amended Complaint must be dismissed.

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully requests this Court dismiss Relator's First Amended Complaint in its entirety.

Respectfully submitted,

/s/ Robert R. Warchola
Robert R. Warchola, Esq.
Florida Bar No. 0517038
rwarchola@slk-law.com
Shumaker, Loop & Kendrick, LLP
101 East Kennedy Boulevard, Suite 2800
Tampa, Florida 33602
Telephone No.: (813) 229-7600
Facsimile No.: (813) 229-1660
*Attorney for Defendants, Robert A. Norman, D.O., Carol Norman, Robert A. Norman, D.O., P.A., and Dermatology Healthcare, LLC*

**CERTIFICATE OF SERVICE**

I CERTIFY that on June 15, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic filing to all counsel of record.

/s/ Robert R. Warchola____________
Attorney