UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,
and STATE OF FLORIDA,
*ex rel.* THEODORE A. SCHIFF, M.D.,

Plaintiffs,

v. Case No. 8:15-cv-1506-T-23AEP

ROBERT A. NORMAN, D.O., et al.,

Defendants.
_______________________________________/

**UNITED STATES' UNOPPOSED MOTION TO INTERVENE**

The United States of America ("United States") respectfully moves this Court, pursuant to the False Claims Act ("FCA"), 31 U.S.C. § 3730(c)(3), to intervene for good cause in this *qui tam* action. Relator Theodore A. Schiff, M.D. ("Relator") has filed a complaint under the *qui tam* provisions of the FCA against defendants Robert A. Norman, D.O. ("Norman"), Carol Norman ("Carol Norman"), Robert A. Norman, D.O., P.A. ("Norman PA"), and Dermatology Healthcare, LLC ("Dermatology Healthcare") (collectively, "Defendants"). In his *qui tam* complaint, the Relator alleges, among other claims, that Defendants violated the FCA by billing Medicare, Medicaid, and other governmental health care programs by upcoding claims and failing to supervise radiation treatments. Now, after having sufficiently completed its investigation of the Relator's allegations, the

United States, as the real party in interest in the matter,[1] seeks to intervene in and take over the action. *United States ex rel. Butler v. Magellan Health Services, Inc.*, 74 F. Supp. 2d 1201, 1212 (M.D. Fla. 1999) (Kovachevich, J.) (United States "has discretion to intervene and take control" of a *qui tam* action "at any time during the litigation 'upon a showing of good cause.'") (quoting 31 U.S.C. § 3730(c)(3)). Should the Court grant the United States' motion, the United States intends to file its own Complaint in Intervention within thirty days from the date of the Order granting intervention. *See* 31 U.S.C. § 3731(c) (if the United States elects to intervene and proceed with a *qui tam* action, it may file its own complaint or amend the relator's complaint to clarify or add detail to the claims in which the government is intervening, and to add any additional claims with respect to which the government contends it is entitled to relief).

As set forth below, the Relator assents to the United States' intervention. In addition, the United States' intervention at this juncture will neither unduly prejudice the Defendants, who do not object to this motion, nor this proceeding, as this case is still at an early procedural stage. Defendants have not yet filed an Answer to the Relator's amended complaint, the parties have not submitted a case management report, the Court has not entered a Case Management and Scheduling Order, and the parties have not begun discovery.

---

[1] *United States ex rel. Eisenstein v. City of New York, N.Y.,* 556 U.S. 928, 930 (2009)("United States is a 'real party in interest' in a case brought under the FCA"); *United States ex rel. Walker v. R&F Properties of Lake Cnty., Inc.*, 433 F.3d 1349, 1359 (11th Cir. 2005) ("'The United States is the real party in interest in a *qui tam* action under the FCA even if it is not controlling the litigation.'") (citations omitted).

## Background

On July 14, 2016, the United States filed a notice informing the Court that the government had not yet completed its investigation of this matter and, therefore, was not in a position to advise the Court as to whether it intended to proceed with the action. Doc. No. 10. The United States' further informed the Court, however, that although it had not made an intervention decision, the government's investigation of the matter would continue. *Id.*

On July 20, 2016, the Court entered an Order directing that the Relator's complaint be unsealed and served on the Defendants. Doc. No. 11. Defendants Norman, Norman PA, and Dermatology Healthcare waived service of the complaint on October 14, 2016. Doc Nos. 12-14. On December 5, 2016, the Relator filed an amended complaint adding an additional Defendant, Carol Norman, and a conspiracy claim under the FCA, 31 U.S.C. § 3729(a)(3). Doc. No. 17. Defendant Carol Norman waived service of the amended complaint on January 3, 2017. Doc. No. 22.

The Defendants subsequently filed a motion to dismiss the Relator's amended complaint on June 15, 2017. Doc. No. 27. The relator responded on July 13, 2017. Doc. No. 32. That motion remains pending before the Court.

## Argument

Good cause exists to permit the United States to intervene because the government has now determined that the facts merit intervention and because the Relator, for whom the statutory "good cause" requirement was created, assents to

this motion. In addition, given that discovery has not yet begun and the parties have yet to propound any discovery requests, the Defendants will not be unduly prejudiced by the United States intervening at this time.

Under the FCA, a private person, known as a relator, may file a civil action on behalf of the United States government. 31 U.S.C. § 3730(b)(1). The complaint must be filed *in camera* and shall remain under seal for at least sixty days, subject to court-approved extensions. 31 U.S.C. §§ 3730(b)(2), (3). Before the intervention deadline, the government must "proceed with the action, in which case the action shall be conducted by the [g]overnment," or "notify the court that it declines to take over the action, in which case the person bringing the action shall have the right to conduct the action." 31 U.S.C. § 3730(b)(4). In this case, the Relator has been conducting the action since July 2016, when the Court unsealed his complaint.

The FCA further provides, however, that "the court, without limiting the status and rights of the person initiating the action, may nevertheless permit the [g]overnment to intervene at a later date upon a showing of good cause." 31 U.S.C. § 3730(c)(3). Pursuant to its rights under the FCA, the United States now seeks to intervene in this action because it has determined that it would be in the public's interest for the government to conduct the litigation brought on its behalf as to the Defendants' administration of radiation therapy, which the government believes resulted in the submission of false claims, in violation of the FCA.

The purpose of the FCA's good cause requirement is to "protect the interests of the relator." *United States ex rel. Stone v. Rockwell Int'l Corp.*, 950 F. Supp. 1046,

1049 (D. Colo. 1996), *cited with approval in United States ex rel. Baklid-Kunz v. Halifax Hosp. Med. Ctr.*, 2011 WL 4480846, at *1 (M.D. Fla. Sept. 27, 2011) (Presnell, J.); *see also United States ex rel. Thomas v. Sarasota Pain Assocs., P.A.*, Case No. 8:11-cv-583-T-23TBM, Doc. No. 27 (M.D. Fla. Oct. 22, 2012). Under 31 U.S.C. § 3730(d), a relator may be awarded 25-30% of any recovery if the relator proceeds alone, but only 15-25% of the recovery if the government intervenes in the action. Thus, the *Stone* court observed, "[g]overnment intervention late in the proceedings may be unfair to a relator who has expended considerable resources to advance the case and then lose up to half of the reward for bringing the action." *Stone*, 950 F. Supp. at 1049. Here, since the Relator assents to the United States' motion to intervene, the purpose of the good cause requirement has been satisfied.

Furthermore, good cause exists where, as here, the reason for the United States' delay is that it was continuing to investigate the Relator's allegations. It would disadvantage relators, defendants, and federal taxpayers if the government prematurely made an intervention decision without an adequate opportunity to obtain and evaluate substantial evidence. Accordingly, it is not unusual for the government to intervene later, after completing its investigation or in light of additional evidence sufficient to make an informed decision as to whether to intervene. *See, e.g., Baklid-Kunz*, 2011 WL 4480846, at *1 (allowing government to intervene 15 months after intervene deadline where government's investigation had been on-going in the interim); *United States ex rel. Lam v. Tenet Healthcare Corp.,* 481 F. Supp. 2d 689, 694 (W.D. Tex. 2007) (permitting United States to intervene after

prior declination where formal discovery had commenced); *United States ex rel. Tyson v. Amerigroup Ill., Inc.*, 2005 WL 2667207, at *3 (N.D. Ill. Oct. 17, 2005) (allowing government's motion to intervene more than two years after filing notice of declination, given "new and significant evidence obtained by the relator during discovery," and given lack of "undue prejudice to the parties or proceeding" caused by delayed intervention).

Here, when the Court lifted the seal in July 2016, the United States had not completed significant investigative steps in evaluating the Relator's allegations. While the case was still under seal, the United States issued five civil investigative demands ("CIDs") to, among other things, evaluate the Relator's allegations and possible defenses that Defendants may assert. From these CIDs, the United States received approximately 72,000 documents and over 466,000 pages of records. Although the United States diligently endeavored to review these documents while the case remained under seal, the United States was unable to review many of these documents until after notifying the Court on July 14, 2016, that it was not intervening at this time.

Based on evidence gleaned from the CIDs, the United States conducted several interviews of former witnesses and associates of Defendants. These interviews, which did not occur until after July 14, 2016, yielded additional evidence that has informed the United States decision to intervene in this case. For instance, the United States learned from multiple sources that Defendants did not have a physician accompanying their mobile superficial radiation units when they treated

patients at nursing homes. Because Medicare rules require a physician to provide direct personal supervision of radiation therapy treatments, the failure to provide adequate physician supervision can form the basis for liability under the FCA. *See United States v. Marder*, 208 F. Supp. 3d 1296, 1313 (S.D. Fla. 2016). Additionally, the United States learned that former employees and associates notified some Defendants that they were improperly billing radiation treatments by upcoding claims inapplicable to superficial radiation therapy. This additional evidence, which corroborates allegations raised in Relator's amended complaint, has solidified the United States' decision to intervene in this case.

In addition to the presence of "good cause," the United States' intervention at this early stage in the litigation will not unduly prejudice the Defendants or the proceeding. As discussed above, the Defendants have not yet filed an Answer to the Relator's amended complaint, the parties have not submitted a case management report, the Court has not entered a Case Management and Scheduling Order, and the parties have not begun discovery. Indeed, the Defendants sought and obtained lengthy extensions of time to respond to the amended complaint, in part, because of discussions with the United States to resolve Relator's allegations. Moreover, intervention also will serve the public interest in having the United States litigate for itself those allegations it has determined to be meritorious. *See Stone*, 950 F. Supp.2d at 1049 ("What is of paramount importance [in the *qui tam* action] is the public interest.")

Finally, the United States may be adding claims under common law theories of recovery. These common law claims would allow the United States to pursue recovery of overpayments made by Medicare in the alternative to an FCA judgment. Relator cannot assert these claims on behalf of the United States because he lacks standing. *See, e.g., United States ex rel. Repko v. Guthrie Clinic, P.C.*, 557 F. Supp. 2d 522, 529 (M.D. Pa. 2008).

**Conclusion**

For all of the foregoing reasons, the United States respectfully requests that the Court (1) grant its motion to intervene in this *qui tam* action, and (2) permit the United States thirty days to file a Complaint in Intervention from the date on which the Court grants this motion.

**Local Rule 3.01(g) Certification**

Counsel for the United States conferred with Relator's counsel and Defendants' counsel to determine their position on the relief sought in this motion. The Relator consents and Defendants do not object to the United States' intervention in this *qui tam*.

Dated: August 10, 2017

Respectfully Submitted,

W. STEPHEN MULDROW
Acting United States Attorney

/s/ Christopher J. Emden
CHRISTOPHER J. EMDEN
Assistant United States Attorney
USA No. 158
400 North Tampa Street, Suite 3200
Tampa, FL 33602
Telephone No. (813) 274-6000
Facsimile No. (813) 274-6200
Email: Christopher.Emden@usdoj.gov

*Attorneys for the United States of America*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on August 10, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Christopher J. Emden
CHRISTOPHER J. EMDEN
Assistant United States Attorney