**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF FLORIDA *ex rel.* THEODORE A. SCHIFF, M.D.,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT A. NORMAN, D.O., *et al.*,<br><br>Defendant. | Case No.: 8:15-cv-1506-T-23AEP |

**RELATOR'S UNOPPOSED MOTION TO STAY CONSIDERATION OF DEFENDANTS' MOTION TO DISMISS PENDING UNITED STATES' FILING OF COMPLAINT-IN-INTERVENTION**

Relator Theodore A. Schiff ("Relator") moves the Court to stay consideration of Defendants Robert A. Norman, D.O., Carol Norman, Robert A. Norman, D.O., P.A., and Dermatology Healthcare, LLC (collectively "Defendants") motion to dismiss pending the United States' filing of a complaint-in-intervention if the Court grants the United States' pending motion to intervene. In support thereof, Relator states:

1. Relator filed this action in June 2015, asserting claims under the federal False Claims Act ("FCA") and the Florida False Claims Act. (Dkt. 1). As required by both statutes, Relator filed the complaint under seal and served it upon the federal and state governments to provide them with an opportunity to investigate Relator's claims and determine whether to intervene. 31 U.S.C. § 3730(b); Fla. Stat. § 68.083(3). The United States thereafter conducted its investigation, and on July 14, 2017, notified the Court that it was "not intervening at this time" but that its "investigation will continue." (Dkt. 10). The Court thereafter entered an order finding that the state of Florida had constructively declined to intervene through "protected silence." (Dkt. 11). The Court directed Relator to serve to serve Defendants. Id.

2. Defendants filed a joint motion to dismiss on June 15, 2017, to which Relator responded in opposition on July 13, 2017. (Dkts. 27, 32). Defendants did not file a reply. Defendants' motion to dismiss remains pending before the Court.

3. When the United States declines to intervene initially in an FCA case, the government may later intervene "upon a showing of good cause." 31 U.S.C. § 3730(d)(3). Intervention is not an "all or nothing" proposition: the United States may intervene with respect to certain claims while declining to intervene with respect to other claims. In such instances, a relator is entitled to continue pursuit of the non-intervened claims. See United States v. Pub. Warehousing Co. K.S.C., 2017 WL 1021747, at *4 (N.D. Ga. Mar. 16, 2017); United States ex rel. Sansbury v. LB & B Assocs., Inc., 58 F. Supp. 3d 37, 47 (D.D.C. 2014) ("[B]y automatic operation of the statute, the Government's complaint in intervention becomes the operative complaint as to all claims in which the government has intervened. However, a relator's initial complaint continues to be the operative complaint for all non-intervened claims.") (citation omitted); U.S. ex rel. Feldman v. City of New York, 808 F. Supp. 2d 641, 648 (S.D.N.Y. 2011) (similar).

4. On August 10, 2017, the United States filed an unopposed motion to intervene in this lawsuit. In its motion, the United States stated that it intended "to intervene in and take over the action," and requested 30 days from the date the Court rules on the motion to file a complaint-in-intervention. (Dkt. 33, at 2). There is no indication in the United States' motion that it intends to intervene with respect to only a component of Relator's claims. Should the United States' complaint-in-intervention intervene with respect to Relator's complaint in its entirety, Relator's complaint will be superseded and Defendants' pending motion to dismiss will be mooted. Pub. Warehousing, 2017 WL 1021747, at *4 ("The government's complaint supersedes the relator's,

but only as to those claims in which the government has decided to intervene."); Sansbury, 58 F. Supp. 3d at 47; Feldman, 808 F. Supp. 2d at 648.

5. On August 18, 2017, Relator conferred with the United States concerning their pending complaint-in-intervention and the United States indicated that they intend to intervene on at least one count of the Relator's claims.

6. Consequently, the Court's consideration of Defendants' motion to dismiss at this point risks the unnecessary expenditure of judicial resources since the United States' complaint-in-intervention would render moot Defendants' motion to dismiss. To reconcile the various possibilities and mitigate the potential unnecessary expenditure of judicial resources, Relator respectfully suggests, in the interest of judicial economy, that the best approach is to stay consideration of Defendants' motion to dismiss pending the United States' filing of a complaint-in-intervention, should the Court grant its motion to intervene.

For these reasons, Relator respectfully requests that Court to stay consideration of Defendants' pending motion to dismiss until the United States files its complaint-in-intervention should the Court grant its motion to intervene.

**Local Rule 3.01(g) Certification**

Undersigned counsel certifies he spoke with counsel for Defendants and the United States, both of which indicate they have no position with respect to the relief requested in this motion.

Dated: September 6, 2017

Respectfully submitted,

/s/ *Lawrence S. Klitzman*
Lawrence S. Klitzman (FBN 312878)
**KLITZMAN LAW GROUP, PLLC**
1391 Sawgrass Corporate Parkway
Sunrise, FL 33323
Tel: (954) 384-4421)
Fax: (954) 389-9579
lsk@klitzlaw.com

Daniel Miller
Lane L. Vines
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3000
Fax: (215) 875-4604
dmiller@bm.net
lvines@bm.net

**CERTIFICATE OF SERVICE**

I hereby certify that on September 6, 2017, I caused a true and correct copy of the foregoing document to be electronically filed with the Clerk of Court using the CM/ECF system, which will send electronic filing to all counsel of record.

/s/ *Lawrence S. Klitzman*
Lawrence S. Klitzman