UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,
and STATE OF FLORIDA,
*ex rel.* THEODORE A. SCHIFF, M.D.,

Plaintiffs,

v. Case No. 8:15-cv-1506-T-23AEP

ROBERT A. NORMAN, D.O., et al.,

Defendants.
_______________________________________/

**JOINT NOTICE OF PROPOSED SETTLEMENT**

Pursuant to Local Rule 3.08(a), the United States of America,[1] the State of Florida, relator Theodore A. Schiff, M.D. ("Relator"), and defendants Robert A. Norman, D.O., Carol Norman, Robert A. Norman, D.O., P.A, and Dermatology Healthcare, LLC ("Defendants") (collectively, "Parties"), by and through the undersigned counsel, hereby notify the Court that the Parties have agreed to a proposed settlement ("Proposed Settlement"). This Proposed Settlement has been diligently negotiated by the Parties' attorneys and would resolve allegations raised by Relator on behalf of the United States and the State of Florida under the False Claims Act, 31 U.S.C. § 3729, *et seq.*, and the Florida False Claims Act, Fla. Stat.

[1] *See United States ex rel. Christiansen et al. v. Everglades College, Inc.*, 855 F.3d 1279, 1286 n.3 (11th Cir. 2017) (noting that the United States "can settle [a False Claims Act] case without resorting to formal intervention under § 3730(c)(3)").

§ 68.082 *et seq*. However, this Proposed Settlement does not resolve any claims Relator may have under 31 U.S.C. § 3730(d) and Fla Stat. § 68.085 against Defendants for expenses, fees, or costs, which claims are expressly reserved and with respect to which claims the Court shall retain jurisdiction for further proceedings to the extent not resolved prior to the entry of a final order or judgment herein. In accordance with 31 U.S.C. § 3730(c)(2)(B) and Fla. Stat. § 68.084, the Relator—through his counsel—has agreed that this Proposed Settlement is fair, adequate, and reasonable under all the circumstances.

The Parties believe in good faith that, while this Proposed Settlement remains subject to a number of conditions (as is typical of such proposed settlements),[2] the Parties will be able to satisfy those conditions in a timely manner.

In light of this Proposed Settlement, the Parties request that, pursuant to Local Rule 3.08(b), the Court administratively close this matter and afford the parties sixty (60) days to move the Court for entry of a stipulated form of final order or judgment; or, on good cause shown, to reopen the case for further proceedings, with the Court to retain jurisdiction for further proceedings for unresolved claims of Relator under 31 U.S.C. § 3730(d) and Fla. Stat. § 68.085 against Defendants for expenses, fees, or costs. The time requested will permit the Parties to obtain the

[2] These conditions include, among others, the acquisition of the requisite, formal governmental approvals and the execution of a written settlement agreement signed by the United States, the State of Florida, the Relator, the Defendants, and affected agencies. In the latter regard, it is the government's understanding that the Department of Health and Human Services ("HHS") will require the Defendants to execute a Corporate Integrity Agreement ("CIA") with HHS' Office of the Inspector General as a condition of HHS signing the settlement agreement. The Defendants have advised that they are agreeable to this condition, and that they are in the process of negotiating the terms of the CIA with HHS' agency counsel.

necessary approvals, to formalize their proposed resolution in a signed, written settlement agreement, and, with respect to HHS and the Defendants, to finalize their CIA. Additionally, the Relator and Defendants can continue negotiations to resolve any potential claims under 31 U.S.C. § 3730(d) and Fla Stat. § 68.085 for expenses, fees, or costs. Finally, administratively closing this case will also ensure that the Court does not needlessly expend time and valuable judicial resources addressing other matters that would ultimately be rendered moot by the Parties' anticipated settlement, including the filing by Relator of an amended complaint in accordance with Doc. 38, the obligation for which filing the Parties agree should be suspended during the period covered by this notice of settlement.

Dated: March 19, 2018

Respectfully Submitted,

MARIA CHAPA LOPEZ
United States Attorney

/s/ Christopher J. Emden
CHRISTOPHER J. EMDEN
Assistant United States Attorney
USA No. 158
400 North Tampa Street, Suite 3200
Tampa, FL 33602
Telephone No. (813) 274-6000
Facsimile No. (813) 274-6200
Email: Christopher.Emden@usdoj.gov

*Attorneys for the United States of America*

/s/ Rebecca H. Sirkle
REBECCA H. SIRKLE
Assistant Attorney General
Florida Bar No: 0042312
Office of the Attorney General
Medicaid Fraud Control Unit
135 W. Central Blvd.
Orlando, FL 32801
Telephone: 407- 241-5353
Email: Rebecca.Sirkle@myfloridalegal.com

*Attorney for the State of Florida*

LAWRENCE S. KLITZMAN, P.A.

/s/ Lawrence S. Klitzman __
LAWRENCE S KLITZMAN
Fla. Bar No. 312878
Sawgrass Commerce Center
1391 Sawgrass Corporate Parkway
Sunrise, FL 33323
Tel: (954) 384-4421
Fax: (954) 389-3579
Email: lsk@klitzlaw.com

BERGER & MONTAGUE, P.C.
Daniel R. Miller
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3000
Fax: (215) 875-5807
Email: Dmiller@bm.net

*Attorneys for Relator*

By: /s/ Robert R.Warchola
Robert R. Warchola, Esq.
Florida Bar Number: 0517038
Shumaker, Loop & Kendrick, LLP
101 E. Kennedy Blvd., Suite 2800
Tampa, Florida 33602
Phone: (813) 229-7600
Fax: (813) 229-1660
Email: rwarchola@slk-law.com

*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on March 19, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Christopher J. Emden
CHRISTOPHER J. EMDEN
Assistant United States Attorney