UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,
and STATE OF FLORIDA,
*ex rel*. THEODORE A. SCHIFF, M.D.,

Plaintiffs,

v. Case No. 8:15-cv-1506-T-23AEP

ROBERT A. NORMAN, D.O., et al.,

Defendants.
_______________________________________/

**RELATOR'S VERIFIED MOTION TO DETERMINE THE AMOUNT OF DEFENDANTS ATTORNEY'S FEES, COSTS, AND EXPENSES PAYABLE UNDER 31 U.S.C. 3730(d) AND FLORIDA STATUTES §68.085(c)**

Relator, Theodore A. Schiff ("Relator"), by and through his undersigned counsel, moves for an award of reasonable costs, expenses, and attorney's fees, pursuant to 31 U.S.C. § 3730(d) and Fla. Stat. §68.085(1)(c) ("Relator's Fees") against defendants Robert A. Norman, D.O. (Norman), Carol Norman (Carol Norman), Robert A. Norman, D.O., P.A. (Norman PA), and Dermatology Healthcare, LLC (Dermatology Healthcare) ("Dermatology Healthcare", together with Norman, Carol Norman, and Norman PA the "Norman Defendants"), jointly and severally, and in support of his Motion, Relator states as follows:

**Procedural Posture**

1. On March 19, 2018, the Parties in this lawsuit (the "Action") filed a Joint Notice of Proposed Settlement [D.E. 39] in which the Parties requested the Court administratively close the Action for a period of sixty (60) days to enable the Parties to reach a stipulated form of judgment or order which would conclude the Action.

2. On March 22, 2018, the Court entered an order dismissing the Action, giving the Relator until May 21, 2018 to file a motion for attorney's fee, costs and expenses. [D.E. 41].

3. On May 10, 2018 the Parties to this Action filed a Joint Motion (First Joint Motion") to further extend the time to file a stipulated form of final judgment or dismissal or motion to reopen

the case, and for Relator to file a motion for attorney's fees, costs and expenses.[D.E. 42]

4. On May 14, 2018 the Court entered an Order ("First Order Extending") granting the Joint Motion for an Extension of Time to file a Stipulated Form of Final Judgement or Dismissal or Motion to Reopen the Case or Motion for Attorney's Fees, Costs, and Expenses and therein extended the deadline to July 20, 2018 [D.E. 43].

5. On July 17, 2018, the Parties to this Action filed an additional Joint Motion ("Second Joint Motion") for an Extension of Time to file a stipulated form of final judgment or dismissal or motion to reopen the case, and for Relator to file a motion for attorney's fees, costs and expenses. [D.E. 44]

6. On July 19, 2018 the Court entered an Order ("Second Order Extending") granting the Joint Motion for an Extension of Time to file a Stipulated Form of Final Judgement or Dismissal or Motion to Reopen the Case or Motion for Attorney's Fees, Costs, and Expenses and therein extended the deadline to August 20, 2018 [D.E. 45].

7. Relator has been in regular communication with counsel for the Norman Defendants regarding Relator's Fees since the filing of the Joint Notice of Settlement on March 18, 2018.

8. The Norman Defendants have refused to substantively respond.

9. Having received no substantive response to his claim for attorney's fees, Relator had no choice but to file the instant motion.

**Facts**

10. On June 25, 2015, Relator filed his Complaint, under seal, alleging violations of the False Claims Act ("FCA"), 31 U.S.C. § 3730, *et seq.,* by, *inter alia*, the Defendants listed in the caption above. ECF No. 1.

11. The Norman Defendants, Relator, and the United States (collectively the "Parties") have reached settlements with the United States with respect to the above captioned lawsuit.

12. The Norman Defendants have not reached a settlement with Relator with respect to the payment of Relator's Fees.

13. When a relator files a qui tam action under the FCA that results in a recovery for the government, the relator is entitled to a portion of the recovery, and he "***shall also receive*** an amount for reasonable expenses which the court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs. All such expenses, fees, and costs shall be awarded against the defendant." 31 U.S.C. § 3730(d)(1) (emphasis added).

14. After the Parties reached agreement to settle the underlying FCA case, counsel for Relator contacted counsel for the Norman Defendants to discuss Relator's claim for Relator's Fees. As of the date of this filing, however, Relator and the Norman Defendants have been unable to come to terms, thus necessitating this Motion.

15. The Norman Defendants have yet to dispute liability for Relator's Fees. In fact, as part of the settlement process, the form of consent judgment which the Norman Defendants have agreed to provides language indicating that the Norman Defendants are jointly and severally liable to Relator for Relator Fees. The only remaining question is the amount of the judgment to be entered against the Norman Defendants.

16. Relator retained Klitzman Law Group, PLLC ("Klitzman Firm") and Berger and Montague, PC ("Berger Firm") to represent him in this matter.

17. The Klitzman Firm employed the services of 4 attorneys to successfully represent Relator.

18. The Klitzman Firm expended a total of 175.02 hours working on this matter. The normal hourly rates charged by Klitzman attorneys for matters of this nature are Lawrence S. Klitzman: $495.00; Zachary J. Conjeski: $285.00; Ashley L. Fernald: $285.00; and Geoffrey Langbart: $295.00.

19. Klitzman Firm's total lodestar amounts to $76,038.26 through July 18, 2018.

20. The Klitzman Firm incurred costs and expenses of $2,594.79 in pursuit of this matter.

21. Relator is seeking a total recovery of $78,678.05 for work performed and costs and expenses incurred by the Klitzman Firm.

22. Exhibit 1 attached hereto and made a part hereof is a declaration from Lawrence Klitzman ("*Klitzman Declaration*") which supports the Klitzman Firm's request for Relator's Fees.

23. The Berger Firm employed the services of three attorneys, and one paralegal to successfully represent Relator.

24. Berger Firm expended a total of 104.80 hours working on this matter. The normal hourly rates charged by Berger Firm attorneys and paralegals for matters of this nature are: Jon DeSantis $425.00; Lane Vines $575.00; and Daniel Miller $725.00.

25. Berger Firm's total lodestar amounts to $65,443.00 through August 7, 2018.

26. Berger Firm incurred expenses of $406.86 in pursuit of this matter.

27. Relator is seeking a total recovery of $65,849.86 for work performed and costs and expenses incurred by the Berger Firm.

28. Exhibit 2 attached hereto and made a part hereof is a declaration from Daniel Miller ("*Miller Declaration*") which supports this request for Relator's Fees.

29. Exhibit 3 attached hereto and made a part hereof is a declaration of Jonathan Kroner, Esquire ("*Kroner Declaration*"), an attorney whose practice is devoted to handling False Claims Act litigation. The Kroner Declaration is submitted in support of this motion and evidences that Relator's Fees are reasonable.

30. The sum of the Relator's Fees sought for the work performed by the Klitzman Firm and the Berger Firm is $144,482.91.

31. Relator seeks the entry of judgment of $144,482.91 from the Norman Defendants, for which the Norman Defendants have joint and several liability, together with Relator Fees incurred by the Klitzman Firm after July 18, 2018 and by the Berger Firm, after August 7, 2018, plus post judgment interest at the rate permitted under law.

32. Exhibit 4 attached hereto and made a part hereof is a memorandum of law in support of Relator's verified motion for attorney's fees, costs, and expenses.

**WHEREFORE**, Relator respectfully requests this Court enter a judgment in favor of Realtor and against the Norman Defendants, jointly and severally in the amount of $144,482.91, plus Relator's Fees incurred with respect to the Klitzman Firm subsequent to July 18, 2018 and with respect to the Berger Firm, subsequent to August 7, 2018, together with applicable post-judgment interest on such amount, together with such other relief as the Court deems just and equitable.

**CERTIFICATION UNDER LOCAL RULE 3.01(g)**

Pursuant to Local Rule 3.01(g) the undersigned counsel together with co-counsel, Daniel Miller, Esquire have conferred via email and through numerous telephone conversations over a period of approximately two (2) months with counsel for Norman Defendants in good faith to resolve the issues raised in the motion. Despite these communications, the undersigned counsel and counsel for the Norman Defendants have been unable to reach agreement on any of the issues

raised in this Motion. Relator respectfully requests oral argument with respect to this motion and estimates the time for such oral argument of this motion to be 2 hours.

/s/ Lawrence S. Klitzman
Lawrence S. Klitzman

DATED: August 16, 2018

Respectfully submitted,
KLITZMAN LAW GROUP, PLLC
Lawrence S. Klitzman, Esquire
(Florida Bar No. 312878)
1301 International Parkway
Suite 120
Sunrise, Florida 33323
Tel: (954)-384-4421
Fax: (954)-389-3579

BERGER & MONTAGUE, P.C.
Daniel R. Miller, Esquire
1622 Locust Street
Philadelphia, Pennsylvania 19103
Tel: (215)-875-3000
Fax: (215)-875-5807

***Attorneys for the Relator***

**CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2018, I electronically filed the foregoing with the Clerk of Court, using CM/ECF. I also certify that the foregoing document was served on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF, or via other means if required.

/s Lawrence S. Klitzman
Lawrence S. Klitzman