Exhibit 1

Klitzman Declaration

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,
and STATE OF FLORIDA,
ex rel. THEODORE A. SCHIFF, M.D.,

Plaintiffs,

v. Case No. 8:15-cv-1506-T-23AEP

ROBERT A. NORMAN, D.O., et al.,

Defendants.
_______________________________________/

**DECLARATION OF LAWRENCE S. KLITZMAN**

Lawrence S. Klitzman, under penalty of perjury under the laws of the United States, declare that I have personal knowledge of the information contained in this declaration, and that the following is true and correct to the best of that knowledge:

## A. Background

1. I am an attorney duly admitted to practice before this Court.

2. I am the principal of Klitzman Law Group, PLLC ("Klitzman Firm") founded in 1983. I graduated from the University of Miami School of Law in 1980 and obtained a Masters of Law in Taxation, also from the University of Miami in 1981. I have been admitted to practice law in Florida since 1980 and in New Jersey since 1983. My undergraduate education was at Brandeis University where I obtained a B.S. in Economics in 1977. I was "of counsel" to the law firm of Gars, Dixon & Shapiro in Miami, Florida from 1983 through 1991. My practice includes both complex commercial civil litigation and transactional work. Among the significant commercial litigation cases I have handled are consumer fraud class actions against financial institutions and Fortune 500 companies resulting in multi-million judgments and recoveries. See, *Varsolona* v. *Breen Captial Services Corp.*, 853 A. 2d 865 (N.J. 2004) and *BellSouth Mobility LLC* v. *Christopher* 819 So. 2d 171, Florida (4th DCA) 2002. Since the filing of

this action, I have filed multiple other False Claims Act cases involving health care regulatory fraud. One such case involving alleged violations of several of the regulatory (CPT) codes at issue in this case was recently settled after the entry of summary judgment with a recover of $5.45 million in cash plus a parcel of real estate. See, *United States of America ex. rel. Theodore A. Schiff, M.D. v. Gary L. Marder, D.O., et. al.* U.S.D.C. (Southern District -Miami) Case No. 1:13-cv-24503-KMM. The majority of my transactional practice involves the representation of physicians and physicians' practices including on health care regulatory matters including the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b) (the "AKS"), and Stark Law, 42 U.S.C. § 1395nn which were prominent issues in this case.

3. The Klitzman Firm together with Berger and Montague, P.C. (the "Berger Firm" or "Co-Counsel") represent Relator Theodore A. Schiff ("Relator") in the above-captioned False Claims Act litigation. The pursuit of *qui tam* claims under the False Claims Act is high complexity litigation. This case in particular required a level of sophistication exceeding that of nearly any other case upon which I have worked.

4. Each of the above-captioned defendants have reached settlements with the United States, State of Florida and Relator. Pursuant to 31 U.S.C. §3730(d) and its Florida FCA analog, it is mandatory that defendants pay all reasonable attorney fees, costs, and expenses incurred by Relator and his counsel.

5. According to the terms of the consent judgment ("Consent Judgment") attached to the Settlement Agreement, Defendants Robert A. Norman, D.O. (Norman), Carol Norman (Carol Norman), Robert A. Norman, D.O., P.A. (Norman PA), and Dermatology Healthcare, LLC (Dermatology Healthcare) ("Dermatology Healthcare", together with Norman, Carol Norman, and Norman PA the "Norman Defendants") are jointly and severally liable for the payment of Relator's reasonable expenses, attorneys' fees and costs ("Relator's Fees") under 31 U.S.C. § 3730(d). Attached to this Declaration as Ex. 1. is a copy of the Consent Judgment.

6. Prior to the filing of the instant petition for fees, I, together with my Co-Counsel attempted to negotiate a resolution of the attorney fee dispute with opposing counsel for a period of months. Those attempts failed.

**B. The Klitzman Firm's Timekeeping and Expense Systems**

7. With respect to this case, each member of the Klitzman Firm prepared daily time records detailing their activities in measurements of one sixth of an hour. These records were generated over the entire history of this case, and were used to compile a statement which shows all time expended, by person and by date, along with a brief description of the services provided. A separate record of all expenses was also kept.

8. As of July 18, 2018, the total lodestar incurred by the Klitzman Firm amounted to $76,083.26, and the total costs and expenses were $2,594.79.

9. Exhibit 2 to this Declaration contains the time records described above which indicate the date a particular service relating to the case was performed, the initials of the attorney or law clerk who worked the particular service, a description of the service provided and the amount of time expended.

10. Exhibit 3 to this Declaration is a chart entitled "Recapitulation" that summarizes the total number of hours worked on this case by each person in the Klitzman Firm, states the hourly rate for each person, and provides the total charge for each persons' services as well as the total for all fees charged. The rates are what we charge our clients for matters of this nature.

11. Exhibit 4 to this Declaration details the litigation costs advanced by the Klitzman Firm in litigating this case. These expenses are reasonable out-of-pocket expenses of the same type and charged at the same rate we charge for matters of this nature.

**C. The Work Performed Was Reasonable**

12. The False Claims Act as well as the Consent Judgment provide that the Norman Defendants pay "reasonable attorney's fees, expenses and costs." 31 U.S.C. §3130(d). Below I briefly describe the work performed by the Klitzman Firm in pursuit of this case.

13. Before doing so, it should be noted that this was a contingent fee case, i.e., Counsel were incentivized to only perform work which was necessary to advance the case. There certainly was no incentive to "overbill" the case.

14. Counsel's work on this case began more than three and one-half years ago, several

months before the filing of the original complaint in June, 2015, and continues through the instant motion. During the pre-complaint filing period, the Klitzman Firm was actively doing extensive legal research on the healthcare regulatory, coding, billing and other issues involved in this case, and working closely with the investigation team.

15. Due to an ongoing professional relationship with co-counsel Daniel Miller of the Berger Firm, including in other False Claims Act litigation involving alleged violations of many of the same regulatory procedures involved in the instant case, and the costs and risks associated with undertaking a litigation of this nature, the Klitzman Firm decided it would be beneficial to again co-counsel this case with the Berger Firm. The Berger Firm participated side by side with the Klitzman Firm in every aspect of these proceedings and was an invaluable resource.

16. During an approximately three and (3½) one-half year period of involvement, Counsel investigated Relator's claims, drafted and filed the original complaint and the amended complaint, interacted extensively with the Government, supported the Government's settlement efforts at nearly every turn, and engaged in myriad communications with the defendants.

17. As noted above, Counsel communicated extensively with the Government during the investigation stage as well as during litigation and the settlement part of this case, via e-mail, conference calls and by way of appearance at the Government's offices for the Relator interview. During protracted settlement negotiations, Counsel and the Government engaged in frequent, back and forth communications. At each stage of the litigation, these communications were necessary to advance and settle this *qui tarn* case brought by Relator on behalf of the Government.

18. This was a complex case that required close coordination between the Klitzman Firm and the Berger Firm. There are many time entries referencing calls, emails or meetings among Counsel. Further, this matter required the assistance and coordination of a number of different attorneys at the Klitzman and Berger Firms. There were no directions for how to proceed in pursuing this rather unusual case. This necessitated Counsel conferring frequently in order to develop, strategize and plan.

**D. Counsel's Exercise of Billing Judgment**

19. As noted above, the total lodestar for the Klitzman Firm as of July 18, 2018 was 76.083.26. Each time entry for each person who worked on this matter was individually reviewed.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 28, 2018

Lawrence S. Klitzman

Exhibit 1 to Klitzman Declaration

Consent Final Order

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,
and STATE OF FLORIDA,
*ex rel.* THEODORE A. SCHIFF, M.D.,

Plaintiffs,

v. Case No. 8:15-cv-1506-T-23AEP

ROBERT A. NORMAN, D.O., et al.,

Defendants.
_______________________________________/

**CONSENT JUDGMENT**

This matter is before the Court upon the consent of the United States of America, acting through the United States Department of Justice and on behalf of the Office of Inspector General of the Department of Health and Human Services (HHS) (collectively, United States), the State of Florida, acting through the Office of the Attorney General (Florida); Robert A. Norman, D.O. (Norman), Carol Norman (Carol Norman), Robert A. Norman, D.O., P.A. (Norman PA), and Dermatology Healthcare, LLC (Dermatology Healthcare) (collectively, Defendants), and Relator, Theodore A. Schiff (Relator). Defendants consent to entry of this judgment having been established by virtue of the Settlement Agreement between the United States, Florida, Defendants and Relator that became effective on _______________, 2018 (Settlement Agreement), attached as Exhibit A hereto. It now appears to the Court as follows:

1. This Court has jurisdiction over the United States, Florida, Defendants and Relators (Parties) as well as over the subject matter of this action.

2. The Settlement Agreement was prepared and signed by the Parties, and took effect on ______________, 2018.

3. The Settlement Agreement provides, *inter alia*, that Defendants shall pay a total sum of $4,000,000, such sum consisting, in part, of $672,937.83 owed to the United States and $327,062.17 to Florida which Defendants shall pay within 30-days of the Effective Date of the Settlement Agreement (as defined in the Agreement), and the remaining $3,000,000 of which Defendants shall pay to the United States in installments at an interest rate of 1.75% per annum as set forth in Exhibit 1 of the Settlement Agreement.

4. The Settlement Agreement further provides that this Consent Judgment may be entered if Defendants fail to make any of the payments, were provided written notice of the default, and failed to cure the default within thirty calendar days, as specified in Paragraph 1 of the Settlement Agreement.

5. Such events have occurred.

**WHEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that judgment is entered:

a. in favor of the United States and against Defendants, jointly and severally; to-wit:

i. Robert A. Norman who resides at 4102 Causeway Visa Dr, Tampa Florida 33615;

ii. Carol Norman who resides at 4102 Causeway Visa Dr, Tampa Florida 33615;

iii. Robert A. Norman, D.O., P.A., a Florida professional association with an address of 8002 Gunn Hwy, Tampa, Florida 33626;

iv. Dermatology Healthcare, LLC a Florida limited liability company with an address of 8002 Gunn Hwy, Tampa, Florida 33626.

in the amount of $3,672,937.83, plus interest, as set forth in the Settlement Agreement, plus interest in accordance with 28 U.S.C. §1961, for which let execution issue forthwith.

b. in favor of the State of Florida and against Defendants, jointly and severally; in the amount of $327,062.17, plus interest, as set forth in the Settlement Agreement, plus interest in accordance with 28 U.S.C. §1961, for which let execution issue forthwith.

c. in favor of the Relator and against Defendants, jointly and severally, as to liability only, pursuant to 31 U.S.C. §3730(d) and Florida Statutes Chapter 68, for Relator's attorney's fees, costs and expenses incurred in connection with this matter (Relator Recovery).

d. It is further ordered and adjudged that this Consent Final Judgment shall be deemed to have been served upon the Parties at the time of its entry by the Court.

e. It is further ordered and adjudged that the Court shall retain jurisdiction with regard to any enforcement proceedings regarding the underlying Settlement Agreement, this Consent Final Judgment, or any other proceeding arising under this Consent Final Judgment, including a determination of the damages associated

with the Relator Recovery herein adjudged, all of which will be construed under federal law to the extent applicable and otherwise by the laws of the State of Florida.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this_____day of

____________________, 20___.

______________________________
STEVEN D. MERRYDAY
United States District Judge

The parties hereby stipulate and agree to the entry of this Consent Final Judgment.

**THE UNITED STATES OF AMERICA**

BY: ______________________________
CHRISTOPHER J. EMDEN
Assistant United States Attorney
U.S. Attorney's Office for the
Middle District of Florida

Dated: the 16th day of August, 2018

**THE STATE OF FLORIDA**

BY: ______________________________
PATRICIA A. CONNERS
Deputy Attorney General Florida
Office of the Attorney General

Dated: the 7th day of August, 2018

**DEFENDANTS ROBERT A. NORMAN, ROBERT A. NORMAN, D.O. P.A., CAROL NORMAN AND DERMATOLOGY HEALTHCARE, LLC**

BY: ______________________
ROBERT A. NORMAN
Individually and on behalf of
Robert A. Norman, D.O., P.A.

Dated: the 14th day of August, 2018

BY: ______________________
CAROL NORMAN
Individually and on behalf of
Dermatology Healthcare, LLC

Dated: the 14th day of August, 2018

BY: ______________________
ROBERT R. WARCHOLA
Shumaker, Loop & Kendrick, LLP
Counsel for Robert A Norman, D.O.,
Carol Norman, Robert A. Norman,
D.O., P.A., and Dermatology
Healthcare, LLC

Dated: the 15 day of August, 2018

**RELATOR**

BY: ______________________
THEODORE A. SCHIFF, M.D.

Dated: the 20th day of July, 2018

BY: ______________________
DANIEL MILLER
Berger & Montague, P.C.
Counsel for Relator
Theodore A. Schiff, M.D.

Dated: the 23 day of July, 2018

BY: ______________________
LARRY KLITZMAN
Klitzman Law Group, PLLC
Counsel for Relator
Theodore A. Schiff, M.D.

Dated: the 23rd day of July, 2018