**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA, and STATE OF FLORIDA, *ex rel*. THEODORE A. SCHIFF, M.D.,**

**Plaintiffs,**

**v.** **Case No. 8:15-cv-1506-T-23AEP**

**ROBERT A. NORMAN, D.O., et al.,**

**Defendants.**
______________________________________/

**DEFENDANTS' RESPONSE TO RELATOR'S VERIFIED MOTION TO DETERMINE THE AMOUNT OF DEFENDANTS ATTORNEY'S FEES, COSTS, AND EXPENSES PAYABLE UNDER 31 U.S.C. §3730(d) AND FLORIDA STATUTES §68.085(c) AND MEMORANDUM OF LAW IN SUPPORT**

Defendants Robert A. Norman, D.O. (Norman), Carol Norman (Carol Norman), Robert A. Norman, D.O., P.A. (Norman PA), and Dermatology Healthcare, LLC (Dermatology Healthcare) ("Dermatology Healthcare", together with Norman, Carol Norman, and Norman PA the "Defendants"), by and through their undersigned counsel, responds to Relator Theodore A. Schiff, M.D.'s motion for costs, expenses, and attorney's fees [D.E. 50] (hereinafter the "Motion for Fees").

## I. Introduction

Relator's counsel is seeking $144,482.91 in attorneys' fees from Defendants, in addition to the contingent fee they are receiving from Relator's recovery, despite not being able to state a claim against any of the Defendants in this action. Relator, although he has

two law firms representing him, was unable to make a proper fee application. After having their first motion for fees stricken, Relator's counsel has submitted a second motion that remains deficient. The burden is on the fee applicant to justify the rates and hours sought, but Relator has made almost no attempt to meet that burden. Relator's counsel failed to review their billing records and exclude fees that are excessive, redundant, or otherwise unnecessary. Relator has also failed to meet his burden to prove a reasonable rate by showing the prevailing market rate for fees in the Tampa Bay market, and made no attempt to show that he could not obtain local counsel to represent him. Furthermore, the amount of fees claimed is not reasonable for Relator to collect against the Defendants when the Relator was wholly unsuccessful in stating a claim against them and the resolution of this matter was primarily achieved by government attorneys – not Relator's private counsel. But for the filing of the initial complaint, which Realtor voluntarily chose to amend, none of the Relator's counsel's efforts materially contributed to the ultimate resolution of this action. Finally, the Defendants should not have to pay for work that consistently needed correcting.

Relator retained two law firms to represent him in this action: the Klitzman Law Group, PLLC ("Klitzman Firm"), a Miami firm, and Berger Montague, PC ("Berger Firm"), a Philadelphia firm. According to the Motion for Fees, the Klitzman Firm employed the services of 4 attorneys who seek payment for a total of 175.02 hours expended on this action. The Berger Firm employed the services of three attorneys, and one paralegal and requests a total of 104.80 hours on this matter. This is a total of approximately 280 hours, almost two months' worth of time. The amount being sought by Relator for attorneys' fees from Defendants is $144,482.91. This is unreasonably high because Relator's counsel, after two bites at the apple, never stated a claim against Defendants, and the case never went

further than the motion to dismiss stage. Additionally, Relator's counsel is also receiving a percentage of the Relator's recovery as a contingency fee.

Notably, this is Relator's second motion for fees – the first one was stricken for failing to follow local rules regarding proper format for filing. When the motion was refiled, it was not only edited to comply with the court's formatting rules, but Relator's counsel took the opportunity to correct some of the deficiencies in the Motion for Fees by adding arguments and exhibits. The striking of the first motion for fees was not intended to provide an opportunity to substantively amend their motion. Accordingly, Defendants request that the Relator's fee request be dramatically reduced.

## II. Applicable law

Under the False Claims Act ("FCA"), the reasonableness of a fee is determined by first using a lodestar calculation. *See United States ex rel. Jacobs v. Patrol Servs*., 202 Fed. Appx. 357, 359 (11th Cir. 2006). "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994). This method "produce[s] an award that roughly approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Perdue v. Kenny A. ex rel. Winn*, 599 U.S. 542, 552 (2010).

> The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value. Therefore, where the time or fees claimed seem expanded or there is a lack of documentation or testimonial support the court may make the award on its own experience.

*Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (internal citations omitted). Neither the rates nor the hours expended are "reasonable" simply because the fee applicant says so. In this case, several of the requested rates are far outside what is reasonable in the local market, and the hours expended are excessive. Thus, Relator's fee award should be substantially less than requested.

## I. The rates sought are unreasonable.

Relator is seeking fees for counsel who practice outside the relevant Tampa Bay market. The Klitzman firm is based in Sunrise, Florida (Miami) and the Berger firm is based in Philadelphia, PA. Attorneys for both firms have submitted declarations which make no mention of how their rates in the Miami and the Philadelphia market respectively are reasonable market rates in the Tampa Bay Area.

> A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *Blum v. Stenson*, 465 U.S. at 895–96 n. 11, 104 S.Ct. at 1547 n. 11. *Accord*, *Gaines v. Dougherty County Board of Education*, 775 F.2d 1565, 1571 (11th Cir.1985). The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. *NAACP v. City of Evergreen*, 812 F.2d at 1338. Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. *Blum*, 465 U.S. at 896 n. 11, 104 S.Ct. at 1547 n. 11. It should also be noted that in line with the goal of obtaining objectivity, satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate. *See Hensley*, 461 U.S. at 439 n. 15, 103 S.Ct. at 1943 n. 15. Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence. The weight to be given to opinion evidence of course will be affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge.

*Norman*, 836 F.2d at 1299.

The opinion evidence offered here is the Declaration of Jonathan Kroner (D.E. 50-4), a Miami attorney who has had a "significant role" in only 2 cases in the Middle District of Florida in his career. *See* D.E. 50-4 at ¶ 4. Only one of these cases was litigated in the Tampa Division, and Mr. Kroner recovered $25,000 in fees as part of $50,000.00 settlement from the entire action. *See U.S. ex rel. Mc Donough v. Colon, et al.,* Case No. 8:10-cv-01889-T-23EAJ, D.E. 118-1 at p. 1 (M.D. Fla. Jan. 4, 2013). Mr. Kroner concludes that the rates proposed by Relator are reasonable market rates in this district. D.E. 50-4 at ¶ 12. Not only are the rates inconsistent with rates charged in the Tampa Bay market, they are inconsistent with each other. Mr. Kroner's declaration also shows that he is not familiar with the instant case. Mr. Kroner incorrectly claims that the government refused to intervene in this action. In reality, the government filed a motion to intervene that was denied without prejudice. Little weight should be given to the opinion of an attorney who did not even review the docket text in this case, much less familiarize himself with the details of the litigation, including what attorneys in this area bill for representing realtors in these types of actions.

There is no evidence or explanation for the fact that Mr. Miller, who has 13 years less experience than Lawrence Klitzman, seeks $725/hour when Mr. Klitzman seeks $495 an hour. A rate of $725/hour is a Philadelphia market rate and not a Tampa Bay market rate, as demonstrated by the fact that Mr. Klitzman only bills $495/hour in South Florida, after 38 years in practice.

> The general rule is that the "relevant market" for purposes of determining the reasonable hourly rate for an attorney's services is "the place where the case is filed." *Cullens v. Georgia Dep't. of Transp.,* 29 F.3d 1489, 1494 (11th Cir.1994). If a fee applicant desires to recover the non-local rates of an attorney who is not from the place in which the case was filed, he must show a

> lack of attorneys practicing in that place who are willing and able to handle his claims. *See id.*

*Am. Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999).

The fact that the out-of-town attorneys may have expertise in a specific area does not justify non-local rates. "A prevailing plaintiff is not entitled to have the losing party pay for an attorney with the most expertise on a given legal issue, regardless of price, but only for one with reasonable expertise at the market rate. And 'market rate' means the hourly rate charged in the local legal market by someone with expertise in the area who is willing and able to take the case, if such an attorney exists." *Id.*

There is no competent evidence that the rates sought by Realtor are reasonable for the Tampa Bay market, or any evidence that Relator searched for but could not obtain local counsel. Even the Klitzman firm is not local, being based in South Florida. It is well known that fees are generally higher in South Florida than in the rest of Florida. Defendants therefore, request that Mr. Miller's rate be reduced to $495 (equal to Mr. Klitzman's); Lane L. Vines' rate be reduced to $295.00 (equal to Geoffery Langbart's requested rate); and Jon DeSantis' rate be reduced to $285 (equal to Mr. Klitzman's associate attorneys). Defendants also request that Mr. Langbart, the least experienced attorney working on the case, be billed at a rate of $250/hour. There is no explanation for billing him at a higher rate ($295) than Ms. Fernald and Mr. Conjeski ($285) who have several more years of experience. Given that Mr. Langbart only began practicing last year, a rate below that of Ms. Fernald and Mr. Conjeski seems appropriate, and even $250/hour is likely a higher rate than a first-year associate at many Tampa firms would bill.

The rates sought by each of the attorneys at both firms, along with Defendants' proposed reasonable rates, are shown below:

| **Name** | **Years of Experience** | **Rate Requested by Relator's Motion** | **Reasonable Rate for Tampa, FL market** |
|---|---|---|---|
| Lawrence Klitzman | 38 | $495 | $495 |
| Daniel Miller | 26 | $725 | $495 |
| Lane L. Vines | 17 | $575 | $295 |
| John DeSantis | 15 | $420 | $295 |
| Zac Conjeski | 12 | $285 | $285 |
| Ashley L. Fernald | 4 | $285 | $285 |
| Geoffery Langbart | 1 | $295 | $250 |

## II. Several billing entries should be stricken.

Counsel for prevailing parties should "make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 434, 438 (1983). "Excluding excessive or otherwise unnecessary hours under the rubric of 'billing judgment' means that a lawyer may not be compensated for hours spent on activities for which he would not bill a client of means who was seriously intent on vindicating similar rights, recognizing that in the private sector the economically rational person engages in some cost benefit analysis." *Norman*, 836 F.2d at 1301. Here, Relator's counsel has completely failed to apply billing judgment with regard to the Motion for Fees.

### A. Double billing

There is no clearer evidence of a lack of billing judgment than the fact that Relator's counsel double-billed for numerous activities. Time spent by two or more of Relator's counsel

on the same call or communicating with each other should not be billed by multiple attorneys.

Accordingly, the following time entries should be stricken:

| **Date** | **Timekeeper** | **Activity** | **Hours** |
|---|---|---|---|
| 5/11/17 | LSK | Call with Bob Warchola | 0.25 |
| 5/11/17 | LSK | Call with Dan re: extension request for Norman | 0.25 |
| 5/11/17 | DRM | File review; telcon with defense counsel; tct LSK re: strategy | 0.3 |
| 4/7/17 | DRM | File review; telcon with AUSA and LSK re: settlement negotiations | 0.4 |
| 4/7/17 | LSK | Call with [AUSA] Chris Emden | 0.33 |
| 6/26/17 | LSK | Call with Chris Emden and Randy Harwell | 0.5 |
| 6/26/17 | DRM | Prepare for and conduct telephone conference with government re: next steps | 0.5 |
| 8/16/17 | LSK | Call with Dan Miller re: Norman issues | 0.25 |
| 8/16/17 | DRM | Telephone call to LSK re: next steps | 0.2 |
| 9/6/17 | LSK | Call with Chris Emden | 0.67 |
| 9/6/17 | DRM | Telephone conference with AUSA | 0.7 |
| 11/17/17 | LSK | Call with Chris Emden and Dan on Status | 0.33 |
| 11/17/17 | DRM | Review file; telephone conference with prosecutor | 0.5 |
| 11/29/17 | LSK | Call with Chris and Dan re: update | 0.5 |
| 11/29/17 | DRM | Telephone call from AUSA; emails to/from client re: settlement | 0.5 |
| 1/3/18 | DRM | Email to LSK re next steps | 0.2 |
| 1/3/18 | LSK | Review note from Dan; not to Dan re: communication with Chris Emden | 0.25 |
| 1/9/18 | DRM | Prep for and conduct call with govt re: next steps | 0.2 |
| 1/9/18 | LSK | Call with Chris and Dan re: complaint – witness allegations | 0.25 |
| 2/7/18 | DRM | Teleconference with govt re next steps | 0.3 |
| 2/7/18 | LSK | Call with Chris Emden on settlement update | 0.5 |
| 4/4/18 | DRM | Prep for and conduct telcon with def. counsel | 0.4 |
| 4/4/18 | LSK | Call with Dan and Robert on fee petition | 0.25 |
| 5/9/18 | DRM | Telephone call from LSK re attorneys fees; email to def. counsel re attys fees; edits to proposed motion to extend | 0.8 |
| 5/9/18 | LSK | Note to Rebecca re revised letter; call with Rebecca and Dan; revise letter | 0.75 |

### B. Administrative Tasks

Counsel repeatedly boasts about their experience in representing clients in these matters and even acting as co-counsel before, yet the billing records are replete with entries showing experienced attorneys doing clerical work. For example, Lawrence Klitzman, an attorney of 38 years, billed 1.5 hours on 6/28/14 and 7/9/14 to review and prepare the fee and co-counsel agreements. *See* D.E. 50-2 at p. 2. This is an administrative task and should not be an amount claimed for reimbursement by the Defendants.

> Work performed "which can often be accomplished by non-lawyers but which a lawyer may do because he has no other help available" is not compensable at a lawyer's rate solely "because a lawyer does it." *Johnson v. Ga. Hwy. Express, Inc.*, 488 F.2d 714, 717 (5th Cir.1974), abrogated on other grounds by *Blanchard v. Bergeron*, 489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989). "The focus on the inquiry is ... whether the work is traditionally performed by attorneys." *Williams v. R.W. Cannon, Inc.*, 657 F.Supp.2d 1302, 1311 (S.D.Fla.2009). Clerical work, such as the compilation of facts and statistics, coordinating schedules, basic communications, procedural matters, and housekeeping matters, is usually performed by legal assistants, not lawyers. *See id.* at 1310–11.

*Machado v. Da Vittorio, LLC*, 09-23069-CIV, 2010 WL 2949618, at *3 (S.D. Fla. July 26, 2010). The fee and co-counsel agreements here were not the first such agreements ever used in the Klitzman firm. In fact, these two firms represented Relator in another similar case in the Southern District of Florida filed in 2013.[1] Thus, the revision of the agreements to address the current case is clerical work, and Defendants request that these 1.5 hours of Mr. Klitzman's time be stricken.

Mr. Langbart, of the Klitzman firm, billed 4.75 hours of attorney time on June 24, 2015 for "filing motion under seal." D.E. 50-2 at p.2. Perhaps this was a learning experience for a first-year associate that did actually take almost five hours, but filing documents with

[1] *See U.S. ex rel. Schiff v. Marder, et al.,* Case No. 1:13-cv-24503-KMM, D.E. 1 (S.D. Fla. Dec. 13, 2013).

the court is an administrative task for which Defendants should not have to pay attorney rates. Mr. Langbart's time should be reduced by 4.75 hours.

On October 13, 2016 there is an entry for 2 hours spent by Mr. Conjeski to "prepare letter to Norman RE: Waiver of Service of Process." D.E. 50-2 at p. 3. Not only is this an administrative task, it is an unreasonably long time to draft a cover letter – particularly considering the numerous communications between Relator's counsel and Defendants' counsel that appear on the bill before this letter. Mr. Conjeski's time should be reduced by 2 hours.

On June 23, 2017, Mr. Klitzman billed 1 hour to "file motion to dismiss; verify middle district log in and procedures for filing responses to motion." First, Mr. Klitzman never filed a "motion to dismiss" and all of the tasks identified in this entry are administrative tasks that should not be billed at $495/hour. Furthermore, it appears that Mr. Klitzman failed in his effort to verify the middle district's procedures as the only docket entry on June 23, 2017 is:

> ***TERMINATED--COUNSEL RE-FILED 30 NO CERTIFICATE OF SERVICE***First MOTION for Extension of Time to File Response/Reply to Defendant's Motion to Dismiss by All Plaintiffs. (Klitzman, Lawrence) Motions referred to Magistrate Judge Anthony E. Porcelli. Modified on 6/27/2017 (CTR). (Entered: 06/23/2017)

D.E. 28. Thus, another hour should be deducted from Mr. Klitzman's time.

The next docket entries are four days later, and reflect another failed attempt at filing the Motion for Extension of Time to File Response/Reply to Defendant's Motion to Dismiss before finally getting it right:

> 06/27/2017 29 ***TERMINATED--COUNSEL RE-FILED 30 NOT A MOTION*** First MOTION to Amend/Correct 28 First

| | | |
|---|---|---|
| | | MOTION for Extension of Time to File Response/Reply to Defendant's Motion to Dismiss by Theodore A. Schiff. (Klitzman, Lawrence) Modified on 6/27/2017 (CTR). (Entered: 06/27/2017) |
| 06/27/2017 | 30 | Amended MOTION to extend time to Respond to Defendant's Motion to Dismiss Plaintiff's First Amended Complaint by Theodore A. Schiff. (Klitzman, Lawrence) (Entered: 06/27/2017) |

On June 27, 2017, Mr. Langbart records 1.41 hours for "Legal research amended filing certificate of service." D.E. 50-2 at p. 4. Not only is this entry poorly documented, but it appears to be necessitated entirely by Mr. Klitzman's multiple failures to properly file his motion – despite having billed for his own research. Mr. Langbart's time should be reduced by another 1.41 hours.

**C. Over-billing.**

Relator's counsel's bills are replete with unnecessary billings and entries that bill more time than is reasonable to spend on the given activity. Again, this shows no efforts at exercising billing judgment and belies the claim that Relator's counsel are highly qualified to handle this type of case.

For example, on March 9, 2015 – three months before this case was filed – Mr. Klitzman billed 2 hours for reviewing and revising subpoenas and a notice of intent to serve. D.E. 50-2 at p.2. There were no subpoenas issued in this case, so this time should not be compensable at all. Even if there were subpoenas issued, it only took Mr. Klitzman's associate 0.67 hours[2] to prepare the subpoenas and conduct research regarding service. It is, at best, perplexing that two hours were needed to review them. Two hours of Mr.

[2] Counsel's billing of hours to the hundredth of an hour is unusual and confusing. For example, 0.67 of an hour, is equal to 40.2 minutes or 40 minutes and 12 seconds. It is curious that one would know the exact number of seconds spent on any task.

Klitzman's time should be stricken, along with the 0.67 hours of Ms. Fernald's time spent preparing subpoenas that were never served.

As the Court is aware, Relator filed two deficient complaints in this action. The Relator's original complaint, *inter alia*, named the wrong parties. Thus, the Relator requested, and was granted, leave to file an Amended Complaint to correct any mistakes in the original complaint. The Court then granted Defendants' motion to dismiss that Amended Complaint for failure to state a claim. The Amended Complaint was dismissed for failing to comply with pleading rules – Fed. R. Civ. P. 8 and 9. In dismissing the Amended Complaint, the Court stated:

> Lacking an employment relation or any other apparent connection to the defendants, the relator admittedly gleaned most of the information in the complaint through public databases, anonymous calls, and stakeouts. The relator's observations from afar yielded an imprecise complaint replete with conclusory allegations but sparse on details. For the reasons explained above, the motion (D.E. 27) to dismiss the complaint is GRANTED, and the complaint is DISMISSED. No later than JANUARY 22, 2018, the relator may amend the complaint. If a count in the second amended complaint fails to state a claim, the relator may not amend the complaint a third time absent an extraordinary circumstance.

D.E. 36 at p. 9. Relator never filed a second amended complaint, as the parties entered into a settlement agreement. Thus, the alleged $144,000 in billings did not even result in the drafting of a sufficient initial pleading.

Because Relator's counsel claims to be so experienced in this area of the law and filed a nearly identical case in the Southern District of Florida[3] a year prior to filing this one, the Defendants should not have to pay for Realtor's counsels time to prepare and correct two

[3] *See U.S. ex rel. Schiff v. Marder, et al.,* Case No. 2:14-cv-14246-KMM, D.E. 1 (S.D. Fla. June 20, 2014).

deficient complaints and file a motion for leave to amend the first complaint. Accordingly, the following time entries should be stricken:

| **Date** | **Timekeeper** | **Activity** | **Hours** |
|---|---|---|---|
| 11/12/14 | LSK | Review draft complaint | 0.5 |
| 3/6/15 | LSK | Revise Norman Complaint | 2.5 |
| 3/12/15 | LSK | Revise complaint; prepare ancillary documents for Norman; call with Dan[4] | 1.5 |
| 3/16/15 | LSK | Revise complaint and pre-filing disclosure Norman | 1.0 |
| 3/18/15 | LSK | Review Norman complaint; numerous emails with Ted and Dan | 0.5 |
| 6/11/15 | LSK | Review and revise complaint – Norman | 1.0 |
| 6/18/15 | GL | Review complaint | 0.5 |
| 6/22/15 | LSK | Revise Norman Complaint | 1.0 |
| 9/10/15 | LSK | Review Norman entity, amend complaint, check Sunbiz | 0.7 |
| 9/10/15 | DRM | Edits to complaint | 1.4 |
| 9/12/15 | LSK | Revise motion for leave to amend with order and complaint – Norman | 1.0 |
| 10/3/15 | LSK | Prepare for Norman meeting; review amended complaint | 2.0 |
| 9/22/16 | LSK | Internal memo on Norman Amended Complaint – items to include | 0.25 |
| 10/11/16 | LSK | Draft amended complaint; research issues for amended complaint | 10.0 |
| 10/12/16 | LSK | Numerous emails with Dan M. on amended complaint; review summons; internal note on service issues; not to AUSA re: amended complaint; draft amended complaint | 1.0 |
| 11/8/16 | DRM | Edits to motion to amend and amended complaint | 1.5 |
| 11/10/16 | DRM | Attention to motion to amend complaint | 0.6 |
| 11/18/16 | DRM | Edits to motion to amend and amended complaint | 1.5 |
| 11/30/16 | LSK | Revise complaint | 4.67 |
| 12/2/16 | LSK | Revise Norman complaint and prepare for filing | 1.0 |
| 12/7/16 | LSK | Review order on motion for leave to amend; upload amended complaint | 0.25 |

[4] Given the vague description it is not clear whether the "ancillary documents" or "call with Dan" related to the drafting of the complaint or how much time was spent on each of those things, but the party seeking fees has the burden of breaking up time entries that are not related. *See Barnes*, 168 F.3d at 429; *Norman*, 836 F.2d at 1303. Thus, the entire entry should be stricken.

Next, Mr. Miller has four block-billed entries that include "Review MTD" – 1.5 hours on June 20, 2017; 1.5 hours on June 27, 2017; 1.6 hours on June 28, 2017; and 1 hour on July 11, 2017. *See* D.E. 50-3 at 10-11. The motion to dismiss filed in this case was 9 pages long, it should not have taken 5.6 hours to review. *See* D.E. 27. Because these entries are block-billed it cannot be determined how much of each entry was attributable to reviewing the motion.

> One basis for reducing the requested number of hours is the use of block billing, which refers to the practice of including multiple distinct tasks within the same time entry. "Block-billing makes it very difficult for a court to determine the specific amount of time spent by an attorney or a paralegal on each task." Steffen v. Senterfitt, No. 8:04-cv-1693-T-24MSS, 2007 WL 1601750, at *5 (M.D.Fla. June 1, 2007).

*Bujanowski v. Kocontes*, 808-CV-0390-T-33EAJ, 2009 WL 1564263, at *2 (M.D. Fla. Feb. 2, 2009), report and recommendation adopted in part, 808CV390T33EAJ, 2009 WL 1564244 (M.D. Fla. May 1, 2009), *aff'd*, 359 Fed. Appx. 112 (11th Cir. 2009). Thus, the block-billed entries should be stricken in their entirety, reducing Mr. Miller's time by 5.6 hours.

Moreover, Relator's counsel are seeking an excessive amount of fees for responding to the Motion to Dismiss – particularity because the motion was granted and the Amended Complaint was dismissed. Defendants should not have to pay for time spent correcting Realtor's counsel's deficiencies. Mr. Vines seeks reimbursement for 55.30 hours working on the response to the motion to dismiss. *See* D.E. 50-3 at p. 13. Given the fact that the motion was only nine pages long, the fact that Relator's counsel claim to have extensive expertise in this area of the law, and the fact that the opposition was unsuccessful, this is excessive on its face. In addition to the 55.30 hours spent by Mr. Vines on preparing the unsuccessful opposition to the motion to dismiss, and the 5.6 hours Mr. Miller spent reviewing the motion to dismiss, Relator's counsel also billed the following time for the same endeavor:

| Date | Timekeeper | Description | Hours |
|---|---|---|---|
| 6/16/17 | LSK | Call with Ashley re: response to MTD | 0.75 |
| 6/18/17 | ALF | Legal research for response to motion to dismiss | 1.75 |
| 6/19/17 | LSK | Call with Ashley re: response to MTD | 0.75 |
| 6/19/17 | LSK | Note to Dan Miller re: public disclosure argument; review motion to dismiss | 1.0 |
| 6/19/17 | ALF | Draft response to motion to dismiss | 5.5 |
| 6/20/17 | ALF | Draft response to motion to dismiss | 2.5 |
| 6/22/17 | LSK | Call with Ashley; review and revise motion for enlargement of time; note; note to Bob Warchola on extension; review response to motion to dismiss | 1.0 |
| 6/26/17 | LSK | Revise response to motion to dismiss | 0.5 |
| 6/27/17 | LSK | Call with Dan re: Norman response; revise response | 0.75 |
| 6/29/17 | ALF | Legal research for response to motion to dismiss | 2.0 |
| 6/30/17 | LSK | Review Norman research; memo on public disclosure argument to Dan M. | 1.0 |
| 6/30/17 | LSK | Call with Lane re: public disclosure argument | 0.25 |
| 7/6/17 | LSK | Research public disclosure argument; numerous emails with Dan on public disclosure argument | 1.41 |
| 7/6/17 | DRM | Review cases in prep for MTD; email to team re same; telcon with team re: next steps | 1.4 |
| 7/7/17 | GL | Research public disclosure bar | 4.2 |
| 7/10/17 | PLF | Cite check, quote check, and prepare ToA for MTD opposition | 2.1 |
| 7/11/17 | GL | Legal Research public disclosure bar cases cited in brief | 1.01 |
| 7/12/17 | GL | Research footnote 5 | 0.3 |
| 7/12/17 | LSK | Review and revise Norman response to motion to dismiss; note to Dan and Ted; call with Ashley | 1.0 |
| 7/12/17 | DRM | Research and edits to MTD opposition | 3.5 |
| 7/13/17 | GL | Review response to motion to dismiss | 1.92 |
| 1/2/18 | DRM | Review MTD; telephone conference with LSK re: same; email to KVH re: data | 0.8 |

| | | | |
|---|---|---|---|
| 1/2/18 | GL | Research order to dismiss | 0.17 |
| 1/2/18 | LSK | Review Order; call with Dan M. | 0.5 |
| 1/2/18 | GL | Research order to dismiss | 0.33 |
| 1/3/18 | GL | Review order to dismiss for 9(b) issues | 0.5 |
| 3/9/18 | LSK | Review order of dismissal; note to Chris re: evidence required to address dismissal | 0.75 |
| 3/9/18 | GL | Research response to order to dismiss | 0.5 |

In total, Relator's counsel billed 88.94 hours for drafting an unsuccessful response to the Defendant's motion to dismiss. Relator should only be entitled to recover minimal for time preparing the response to the motion to dismiss.

**D. Vague Entries**

There are a number of entries that are too vague to be evaluated and, therefore, must be stricken. *See Am. Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas County*, 278 F.Supp.2d 1301, 1318 (M.D. Fla. 2003).

- On March 11, 2015, Mr. Klitzman's entry of 2 hours to "draft Norman revisions" is vague and should be stricken. To the extent that this refers to the drafting of the original complaint, it should also be stricken for the reasons discussed above.

- On June 23, 2017, Mr. Langbart has a time entry for 2.5 hours described as "Phone call with Federal District Court." There is no indication what this phone call was about, who it was with, or even which court he called and what was discussed for 2.5 hours. Thus, Mr. Langbart's time should be reduced by 2.5 hours.

- The entries on July 5 and 6, 2017 by Mr. Langbart say just "Research" without any details on what topic was being researched. Thus, another 0.72 hours should be deducted from his time.

- On July 7, 2017, Mr. Langbart bills 1.96 hours to "Research middle district", these 1.96 hours should be stricken for vagueness.

These entries regarding communications are also too vague to be compensable:

| Date | Timekeeper | Activity | Hours |
|---|---|---|---|
| 3/9/15 | LSK | Call with Ted on Norman | 0.17 |
| 3/11/15 | LSK | Call with Ted re: Norman coding | 2.0 |
| 3/25/15 | LSK | Call with Ted re: Norman filing issues | 0.17 |
| 5/20/15 | LSK | Call with Dan re: Norman | 0.25 |
| 6/23/15 | LSK | Call with Ted re: Norman | 0.25 |
| 11/3/15 | LSK | Revise letter to Chris Emden | 0.5 |
| 12/21/15 | LSK | Review motion; note to Dan M. | 0.33 |
| 7/8/16 | LSK | Call with Chris Emden | 0.5 |
| 7/8/16 | LSK | Call with Ted | 0.5 |
| 7/11/16 | LSK | Phone call with Chris and Dan on extension request | 0.83 |
| 7/28/16 | LSK | Call with Chris Emden; research Norman attorney; note to Norman atty | 0.75 |
| 7/29/16 | LSK | Note to Dan M.; call with Mike Heaphy re: mobile units | 0.75 |
| 8/3/16 | LSK | Call with Clerk re: "promptly" issue; note to Dan | 0.5 |
| 8/4/16 | LSK | Note to Robert Warchola re: Order; note to Chris Emden | 0.5 |
| 8/4/16 | LSK | Call with Chris Emden | 0.25 |
| 8/5/16 | LSK | Call with associate on investigator; research investigators online | 0.75 |
| 8/9/16 | LSK | Call with investigator | 0.5 |
| 8/12/16 | LSK | Review note from investigator; reply to investigator; note to Ted; note to Gordon; put package together for investigator | 1.0 |
| 8/24/16 | LSK | Call with Chris Emden; note to Ted; call with Dan M. | 1.0 |
| 9/6/16 | LSK | Review note from investigator; reply to investigator; note to Dan and Ted | 0.5 |
| 11/28/16 | LSK | Review memo from Kevin K.; note to Ted re: investigation issues | 0.33 |
| 4/7/17 | LSK | Call with Chris Emden | 0.33 |
| 6/26/17 | LSK | Call with Chris Emden and Randy Harwell | 0.5 |
| 6/29/17 | LSK | Call with Dan; review counsel and Relator agreements | 0.67 |
| 7/6/17 | GL | Phone call with team | 0.45 |
| 9/6/17 | LSK | Call with Chris Emden | 0.67 |
| 9/21/17 | LSK | Call with Chris Emden and Mike Petro re: Norman | 0.75 |
| 3/9/18 | LSK | Note to Chris Emden; note to state of Florida attorney | 0.25 |

**E. Non-compensable Time**

Courts have held that time spent on collateral matters with the government, including determining the Relator's share of recovery *vis a vis* the government's share, should not be passed along to Defendants. *See U.S. ex rel. Thompson v. Walgreen Co.*, 621 F. Supp. 2d 710, 727 (D. Minn. 2009). Thus, the following time entries are not compensable:

| **Date** | **Timekeeper** | **Activity** | **Hours** |
|---|---|---|---|
| 8/18/17 | LSK | Review note on state of Florida involvement; note to DM; review file for state of Florida filings | 0.25 |
| 10/12/17 | DRM | Attention to Relator Share | 0.2 |
| 10/19/17 | DRM | Email to AAG re relator share | 0.3 |
| 10/19/17 | LSK | Review note from state of Florida; note to DM | 0.17 |
| 3/5/18 | DRM | Telcon with govt. re settlement agreement revisions; email to AAG Sirkle re relator's share | 0.9 |
| 5/6/18 | LSK | Review and revise state of Florida side letter; note to Dan | 0.5 |
| 5/7/18 | LSK | Review state of Florida side letter; make revisions and return to State; note to Dan; review Dan comments | 0.75 |
| 5/9/18 | LSK | Note to Rebecca re: revised letter; call with Rebecca and Dan; revise letter | 0.75 |
| 5/10/18 | LSK | Review state of Florida side letter; note to Dan; note to Rebecca | 0.25 |
| 7/13/18 | LSK | Draft side letter | 0.5 |
| 7/17/18 | LSK | Review and revise State of Florida side letter – several times | 0.5 |

Defendants also should not be required to reimburse Relator's counsel for drafting and reviewing their own fee agreements. Thus, Defendants request the following entries be stricken as well:

| Date | Timekeeper | Activity | Hours |
|---|---|---|---|
| 7/25/17 | LSK | Draft relator and counsel agreements | 1.75 |
| 7/26/17 | LSK | Review co-counsel and fee agreement – Norman | 0.75 |
| 8/16/17 | LSK | Revise co-counsel agreement | 0.5 |
| 8/22/17 | LSK | Revise fee agreement Norman; note to DM | 0.25 |

Finally, based on the clear lack of billing judgment applied to the time records in this case, Defendants request that the following entries be stricken:

| Date | Timekeeper | Activity | Hours |
|---|---|---|---|
| 10/10/17 | DRM | Attention to billing records | 0.8 |
| 3/2/18 | DRM | Work on time and expense submission | 0.5 |

### III. Expenses

Relator seeks the following expenses:

| Category of Expense | Amount Sought |
|---|---|
| Filing Fees | $400.00 |
| Attorney Travel and Travel Incidentals | $384.79 |
| Telephone Costs | $22.11 |
| Legal Research Costs | $384.75 |
| Investigator Costs | $750.00 |
| Delivery Costs | $110.00 |
| Title Search | $950.00 |
| **TOTAL** | **$3,001.65** |

Relator has not provided invoices or receipts for *any* of these expenses. Thus, all but the initial filing fee should be denied. Even if receipts or invoices had been provided, the expenses claimed are not taxable to Defendants. Defendants should not be required to reimburse Relator's out of town counsel for travel fees. The costs resulting from his choice to employ a second law firm from out-of-state are not Defendants' responsibility. Legal research and telephone costs should be eliminated as well, those are simply overhead costs that should not be charged to Defendants. Finally, there is no basis for recovery of fees paid to investigators or for title searches. Thus, the expenses should be reduced to $400.

**IV. Conclusion**

For the reasons stated herein, Defendants request that Relator's fee and cost award be limited to the following:

| **Attorney** | **Rate** | **Hours** | **Total** |
|---|---|---|---|
| Lawrence Klitzman | $495 | 53.22 | $26,343.90 |
| Daniel Miller | $495 | 19.8 | $9,801.00 |
| Lane L. Vines | $295 | 25 | $7,375.00 |
| John DeSantis | $295 | 4.7 | $1,386.50 |
| Zac Conjeski | $285 | 0.5 | $142.50 |
| Ashley L. Fernald | $285 | 2 | $570.00 |
| Geoffery Langbart | $250 | 23.43 | $5,857.50 |
| TOTAL FEES | | | $51,476.40 |
| TOTAL EXPENSES | | | $400.00 |
| GRAND TOTAL | | | $51,876.40 |

WHEREFORE, Defendants request that this Court enter an order awarding no more than $51,876.40 in fees and costs to Relator.

Respectfully submitted,

/s/ Robert R. Warchola
Robert R. Warchola, Esq.
Florida Bar No. 0517038
rwarchola@slk-law.com
Shumaker, Loop & Kendrick, LLP
101 East Kennedy Boulevard, Suite 2800
Tampa, Florida 33602
Telephone No.: (813) 229-7600
Facsimile No.: (813) 229-1660
*Attorney for Defendants, Robert A. Norman, D.O., Carol Norman, Robert A. Norman, D.O., P.A., and Dermatology Healthcare, LLC*

**CERTIFICATE OF SERVICE**

I CERTIFY that on September 11, 2018, I electronically filed the foregoing Defendants' Response to Relator's Verified Motion to Determine the Amount of Defendants Attorney's Fees, Costs, and Expenses Payable Under 31 U.S.C. §3730(D) and Florida Statutes §68.085(C) and Memorandum of Law in Support with the Clerk of Court using the CM/ECF system, which will send electronic filing to all counsel of record.

/s/ Robert R. Warchola
Attorney