UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,
and STATE OF FLORIDA,
*ex rel*. THEODORE A. SCHIFF, M.D.,

Plaintiffs,

v. Case No. 8:15-cv-1506-T-23AEP

ROBERT A. NORMAN, D.O., et al.,

Defendants.
_______________________________________/

**RELATOR'S MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF RELATOR'S MOTION FOR ATTORNEYS' FEES AND COSTS**

Relator, Theodore A. Schiff ("Relator"), by and through his undersigned counsel, seeks leave to permit the filing of a Reply brief to the response filed by Defendants Robert A. Norman, D.O. (Norman), Carol Norman (Carol Norman), Robert A. Norman, D.O., P.A. (Norman PA), and Dermatology Healthcare, LLC (Dermatology Healthcare) (the "Norman Defendants"), to Relator's motion for an award of reasonable costs, expenses, and attorney's fees, pursuant to 31 U.S.C. § 3730(d) and Fla. Stat. §68.085(1)(c) ("Relator's Fees").

**I. Procedural**

On August 28, 2018, Relator filed a motion for attorney's fees. ECF No. 50 (the "Motion"). Relator's Motion was a simple one – it laid out the generally applicable principles of law, including the legal grounding for Relator's rights to attorney's fees, hourly rate justifications, lodestar computations, and general comments on the assistance Relator's counsel provided to the government. *See, e.g., Id.,* at 6. On September 11, 2018, Defendants filed a shotgun response, attacking virtually every aspect of Relator's attorneys' time records, and accusing Relator's attorneys of "excessive, redundant or otherwise unnecessary" time entries, including "double

billing," billing for administrative tasks, overbilling, and "block billing." ECF No. 51, at 7-17. Relator respectfully requests leave to file a Reply brief.

## II. Argument.

### A. Reply Brief Is Necessary to Balance The Record

The core methodology underlying Defendants' attack is his self-serving citation to scores of individual time entries. Given that Defendants abjectly refused to even discuss Relator's claim for fees (during which discussions individual time entries would have been discussed and resolved by the parties), Relator could not have anticipated which billing entries would draw Defendants' attention, and the only way Relator can meaningfully present the Court with argument in support of Relator's views on those time entries is to file a Reply brief.

Putting aside factual argument, Relator's Reply brief would also point out Defendants' effort to mislead the Court on the law. For example, Defendants attack Relator's attorneys for having more than one attorney on a phone call or in a meeting at the same time, a practice Defendants pejoratively refers to as "double billing." ECF No. 51, at 7 ("There is no clearer evidence of a lack of billing judgment than the fact that Relator's counsel double-billed for numerous activities"). However, Defendants fail to note that two lawyers billing for being present at the same proceeding or during the same phone discussion is entirely legitimate and even expected in complex fraud litigation, where multiple lawyers are working on behalf of a client, and the lawyers must collaborate. As one court in this District succinctly explained:

> As the saying goes, two heads are better than one. . . . Communication and coordination are essential to successful litigation, whether a colleague works down the hall or across the country.

Kearney v. Auto-Owners Ins. Co., 713 F. Supp. 2d 1369, 1378 (M.D. Fla. 2010). Thus, "time spent in attorney conferences is generally compensable for each participant." Booher v.

Marion Cty., 2010 WL 11623534, at *9 (M.D. Fla. Sept. 14, 2010); Am. Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas Cty., 278 F. Supp. 2d 1301, 1315 (M.D. Fla. 2003) (same). Finally, given their incorrect belief that time spent in attorneys' conferences and meetings is not compensable as a matter of law, Defendants fail to make any particularized argument (let alone any showing) that any of the small number of billing entries reflecting conferences or meetings between Relator's attorneys were in fact unreasonable. "A fee opponent's failure to explain with specificity the particular hours he or she views as excessive, redundant, or otherwise unnecessary is generally fatal." Payne v. River Rocks LLC, 2017 WL 976634, at *4 (M.D. Fla. Feb. 22, 2017) (internal quotation marks omitted). A Reply brief would allow Relator to demonstrate similar flaws in Defendants' opposition.

## III. Conclusion

Defendants' primary method of attack involves scores of time entries. When Relator filed his Motion, these attacks could not have been anticipated because Defendants refused to negotiate ***at all***. Therefore, to balance the factual record, a Reply brief is necessary. Further, a Reply brief will allow Relator to correct Defendants' misleading statements regarding the applicable law. Respectfully, Realtor seeks until September 18, 2018 to file a Reply brief not to exceed 7 pages.

DATED: September 13, 2018

/s/ Lawrence S. Klitzman
Respectfully submitted,
KLITZMAN LAW GROUP, PLLC
Lawrence S. Klitzman, Esquire
(Florida Bar No. 312878)
1301 International Parkway, Suite 120
Sunrise, Florida 33323
Tel: (954)-384-4421
Fax: (954)-389-3579
E: lsk@klitzlaw.com

BERGER & MONTAGUE, P.C.
Daniel R. Miller, Esquire
1818 Market St, Suite 3600
Philadelphia, PA 19103
Tel: (215)-875-3000
Fax: (215)-875-5807
***Attorneys for the Relator***

**CERTIFICATION UNDER LOCAL RULE 3.01(g)**

Pursuant to Local Rule 3.01(g) the undersigned counsel has conferred with counsel for Defendants who has advised that Defendants object to the filing of this motion.

**CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2018 I electronically filed the foregoing with the Clerk of Court, using CM/ECF. I also certify that the foregoing document was served on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF, or via other means if required.

/s Lawrence S. Klitzman
Lawrence S. Klitzman
(Florida Bar No. 312878)
1301 International Parkway, Suite 120
Sunrise, Florida 33323
Tel: (954)-384-4421
Fax: (954)-389-3579
E: lsk@klitzlaw.com