**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA, and STATE OF FLORIDA, *ex rel.* THEODORE A. SCHIFF, M.D.,**

**Plaintiffs,**

**v.** **Case No. 8:15-cv-1506-T-23AEP**

**ROBERT A. NORMAN, D.O., et al.,**

**Defendants.**
_______________________________________/

**DEFENDANTS' RESPONSE TO RELATOR'S MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF RELATOR'S MOTION FOR ATTORNEYS' FEES AND COSTS**

Defendants Robert A. Norman, D.O., Carol Norman, Robert A. Norman, D.O., P.A., and Dermatology Healthcare, LLC (collectively, the "Defendants"), by and through their undersigned counsel, respond to Relator Theodore A. Schiff, M.D.'s Motion For Leave to File a Reply in Support of Relator's Motion For Attorneys' Fees and Costs (D.E. 52) ("Motion for Reply"), and say:

A reply is not meant to give a party a second chance to present their motion, after the benefit of opposing counsel's labor. Replies are reserved for instances when new matters need to be addressed – new facts, or new case law, for example. *See, e.g., United States v. Stinson*, 6:14-CV-1534-ORL-22TBS, 2016 WL 8488240, at *8 (M.D. Fla. Aug. 26, 2016) (affirming magistrate judge's decision to disregard a reply brief that "merely expanded arguments previously made rather than addressed a new argument raised by the

Government."). There is nothing new here. Realtor simply failed to meet his burden when filing his motion for attorney fees and costs and now, again, wants a second chance to buttress one of his filings.

The burden is on the fee applicant to justify the rates and hours sought, but Relator failed to meet that burden. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)("the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."). Absolutely no billing judgment was exercised here, as evidenced by the facts that: Relator sought fees for preparing a retainer agreement; the time entries were vague and block-billed; and no time was reduced based on billing judgment. Now, Relator suggests that he could not have exercised billing judgment or provided support for his fee requests until after reading Defendants' response. The law related to fee motions was just as available to Relator's counsel as it was to Defendants' counsel, and Relator's counsel should have better explained its counsel's time entries to support his claims. Furthermore, Relator's counsel submitted a fee "expert" affidavit that was nothing more than a conclusory statement that the fees were reasonable.

In the Motion for Reply, Relator accuses Defendants of filing "a shotgun response . . . .'" D.E. 52 at pp. 1. Defendants' sniper-like response may have looked like a shotgun blast because Relator's motion was deficient in so many respects. However, the fact that Defendants' counsel's attention to detail eviscerated Relator's motion is not reason to grant a reply.

Relator's counsel knew they bore the burden on the motion for attorney fees and costs, but failed to meet that burden. Counsel cannot file a "simple" and vague motion waiting to see what the response will be, and then want to reply. The motion did not

comport with Relator's burden of proof and Relator should not be afforded an opportunity to "plug the holes" in his motion. The request should be denied.

WHEREFORE, Defendants request that this Court enter an order denying Relator's motion for leave to file a reply.

Respectfully submitted,

/s/ Robert R. Warchola
Robert R. Warchola, Esq.
Florida Bar No. 0517038
rwarchola@slk-law.com
Shumaker, Loop & Kendrick, LLP
101 East Kennedy Boulevard, Suite 2800
Tampa, Florida 33602
Telephone No.: (813) 229-7600
Facsimile No.: (813) 229-1660
*Attorney for Defendants, Robert A. Norman, D.O., Carol Norman, Robert A. Norman, D.O., P.A., and Dermatology Healthcare, LLC*

**CERTIFICATE OF SERVICE**

I CERTIFY that on September 27, 2018, I electronically filed the foregoing Defendants' Response to Relator's Motion For Leave to File a Reply in Support of Relator's Motion For Attorneys' Fees and Costs with the Clerk of Court using the CM/ECF system, which will send electronic filing to all counsel of record.

/s/ Robert R. Warchola
Attorney