**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA; and the
STATE OF FLORIDA, *ex. rel.*,
THEODORE A. SCHIFF, M.D.

CASE NO.: 8:15-cv-1506-T-23AEP

Plaintiff,

v.

ROBERT A. NORMAN, D.O.,
CAROL NORMAN,
ROBERT A. NORMAN, D.O.P.A.,
A Florida professional association,
DERMATOLOGY HEALTHCARE, LLC,
A Florida limited liability company,

Defendants.
_______________________________________/

**ANSWER OF THE GARNISHEE, PNC BANK, N.A.**

Garnishee, PNC BANK, N.A. (the "Garnishee"), hereby answers the Writ of Garnishment ("Writ") from Plaintiff, Theodore A. Schiff, M.D., with respect to Robert A. Norman, D.O., P.A. (the "Defendant") served upon it on May 9, 2019 as follows:

1. The Garnishee is not indebted to Defendant.

2. The Garnishee had at the time of service of the Writ, at the time of making this Answer and at all times between such periods, the following accounts (cumulatively, the "Defendant's Accounts"):

| Account Holder | Last 4 Digits of Acct. No. |
|---|---|
| Robert A. Norman, D.O., P.A. | XXXXXX2316 |
| Robert A. Norman, D.O., P.A. | XXXXXX3897 |
| Robert A. Norman, D.O., P.A. | XXXXXX4205 |

3. All of the Defendant's Accounts are "general" accounts.

4. The Garnishee has retained $0.00 pursuant to the Writ.

5. Prior to service of the Writ, Defendant became obligated to the Garnishee pursuant to a series of loan, security, perfection, and related documents (the "Loan Documents"). The obligations of the Defendant to the Garnishee (the "Obligations") pursuant to the Loan Documents were and remain secured by, inter alia, by a right to setoff. With respect to Garnishee's right to set off the Loan Documents provide as follows:

> *RIGHT OF SETOFF. [Defendant] hereby grants [Bank] a contractual security interest in and hereby assigns, conveys, delivers, pledges, and transfers all of [Defendant's] right, title and interest In and to [Defendant's] accounts with [Bank] {whether checking, savings, or some other account). including all accounts held Jointly with someone else and all accounts [Defendant] may open in the future, excluding however, all IRA and Keogh accounts, and all trust accounts for which the grant of a security interest would be prohibited by law. [Defendant]authorizes [Bank], to the extent permitted by applicable law, to charge or setoff all Indebtedness against any and all such accounts, and, at [Bank] 's option, to administratively freeze all such accounts lo allow [Bank] to protect [Bank] 's charge and setoff rights provided in this paragraph*

6. The Obligations have at all relevant times, including on the date of service of the Writ and the date of this Answer, been in an amount greater than the cash balance of Defendant's Accounts.

7. Prior to service of the Writ, the Garnishee accelerated the Obligations based on the default of the Loan Documents by the Defendant and declared the Obligations due.

8. On April 25, 2019, the Garnishee initiated a federal court action against the Defendant pursuant to the Loan Documents, to collect the full amount of the Obligations, and to enforce its rights in the collateral, styled PNC Bank v. Norman Properties, L.L.C., Robert A. Norman D.O.P.A., Carol Robinson Norman, and Robert A. Norman, Case No.: 8:19-cv-01009, in the United States District Court, Middle District Court of Florida, Tampa Division.

9. Pursuant to §§ 679.3141 and 679.1041, Florida Statutes, the Garnishee had at all relevant times a perfected security interest in the Defendant's Accounts based on its control of same.

10. The Garnishee appropriately set-off all funds in the Defendant's account and applied them to the Obligation.

11. The Garnishee has no other tangible or intangible personal property of the Defendant in its possession or control at the time of this Answer, and had no other tangible or intangible property of the Defendant in its possession or control at the time of service of the Writ, nor at any time between such periods.

12. The Garnishee does not know of any other person, firm, or corporation indebted to the Defendant or who may have any of the goods and possession of the Defendant in its/their possession or control.

13. To the extent that the Garnishee's setoff of the funds in the Defendant's Accounts is determined to be non-effectual, the Garnishee is entitled to intervene in this cause because it claims an interest in the Accounts that could be compromised in the event that it is not permitted to exercise its rights at this time. See H.B. London & Co. v. Wiles, 695 So.2d 876 (Fla. 2d DCA 1997).

Dated this 28th day of May 2019.

/s/ John W. Landkammer
**JOHN A. ANTHONY, ESQUIRE**
Florida Bar Number: 0731013
janthony@anthonyandpartners.com
**JOHN W. LANDKAMMER, ESQUIRE**
Florida Bar Number: 0675547
jlandkammer@anthonyandpartners.com
Anthony & Partners, LLC
201 N. Franklin Street, Suite 2800
Tampa, Florida 33602
Telephone: 813/273-5616
Telecopier: 813/221-4113
Attorneys for the Garnishee

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of May 2019, a true and correct copy of the foregoing has been served through the Court's CM/ECF System, via E-Mail, and/or U.S. Mail on the following parties:

Lawrence S. Klitzman, Esquire
Klitzman Law Group, LLC
1301 International Parkway, Suite 120
Sunrise, Florida 33323
LSK@klitzlaw.com

/s/ John W. Landkammer
**ATTORNEY**