**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA, and THE STATE OF FLORIDA, ex rel., THEODORE A. SCHIFF, M.D.,

Plaintiffs,

v.

ROBERT A. NORMAN, D.O., CAROL NORMAN, ROBERT A. NORMAN, D.O., P.A., a Florida professional association, DERMATOLOGY HEALTHCARE, LLC, a Florida Limited Liability Company,

Defendants.

Case No. 8:15-cv-1506-T-23AEP

**JOINT MOTION FOR FINAL JUDGMENT IN GARNISHMENT**

Plaintiff, Theodore A. Schiff ("Plaintiff") and Defendant Dermatology Healthcare, LLC a Florida limited liability company ("Defendant" together with Plaintiff, hereafter collectively ("Parties"), by and through their undersigned counsel move, pursuant to this joint motion (the "Joint Motion") for entry of a Final Judgment in Garnishment and hereby state:

1. Plaintiff served a Writ of Garnishment on PNC Bank, N.A. (the "Garnishee").

2. Garnishee filed an answer on May 28, 2019 [D.E. 76] ("Answer") which was amended on May 30, 2019 [D.E. 79] ("Amended Answer"), stating Garnishee has an account of Defendant which is subject to the Writ of Garnishment in the amount of ninety-three thousand six hundred ninety-seven ($93,697.27) and 27/100 Dollars.

3. Defendant acknowledges receipt of the Answer, Amended Answer and Notice of Garnishment required to be served upon Defendant under Florida Statute §77.055.

4. Defendant expressly waives service upon Defendant of any further notice required to be served upon Defendant in connection with these proceedings.

5. The Parties have mutually agreed to waive any right to appeal the Final Judgment sought to be entered in accordance with and pursuant to this Joint Motion.

6. Plaintiff has incurred Three Hundred Fifteen and 15/100 ($315.15) Dollars in taxable costs associated with these proceedings for which Plaintiff seeks recovery. Fla. Stat. §77.28.

7. The Final Judgment entered against Defendant in this action is for seventy-eight thousand nine hundred sixty-seven ($78,967.50) and 50/100 Dollars [D.E. 60] ("Judgment Amount").

8. Plaintiff is entitled to post-judgment interest on the Judgment Amount pursuant to 28 U.S.C. §1961 at the rate of 2.48% per annum commencing on March 25, 2019 and continuing through and including the date the Judgment Amount is paid in full.

9. Additional post-judgment interest shall accrue at the rate of $5.37 per day and shall be owed to Plaintiff in the event the Judgment Amount is paid subsequent to June 3, 2019.

10. As of June 3, 2019, Defendant owes Plaintiff seventy-nine thousand six hundred fifty-eight ($79,658.23) and 23/100 Dollars, inclusive of taxable costs and post-judgment interest.

ARGUMENT & AUTHORITY

11. This Court has jurisdiction to issue writs of garnishment pursuant to 28 U.S.C. §1651(a), which states:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

12. Federal Rule of Civil Procedure 69(a) states:

> A money judgment is enforced by writ of execution, unless the court directs otherwise. The procedure on execution–and in proceedings supplementary to and

in aid of judgment or execution–must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies. *Id.*

13. The issuance of writs of garnishment in Florida are governed by Fla. Stat. §77.01, *et seq.* (2017). Under Fla. Stat. §77.01, every person or entity who has recovered judgment in any court against any entity has a right to a writ of garnishment.

14. Under Florida law, a judgment may be entered against a Garnishee, following the Garnishee's answer, in favor of the Plaintiff, in an amount which is the lesser of the amount Garnishee is indebted to the Debtor or the amount unpaid on the final judgment against the Debtor in favor of the Plaintiff. Fla. Stat. §77.083.

15. Garnishee's Amended Answer [D.E. 79] indicates Garnishee is indebted to Defendant in the amount of ninety-three thousand six hundred ninety-seven ($93,697.27) and 27/100 Dollars. This amount exceeds the Judgment Amount including taxable costs which are added pursuant to Fla. Stat. §77.28.

16. Accordingly, it is appropriate for judgment to be entered against Garnishee in the Judgment Amount as herein described.

**WHEREFORE,** the Parties respectfully request this Court, (i) grant their Joint Motion and to enter Final Judgment on Garnishment; (ii) order Garnishee to forthwith pay Plaintiff the sum of seventy-nine thousand six hundred fifty-eight ($79,658.23) and 23/100 Dollars, plus per diem interest in the amount of $5.37 per day commencing June 4, 2019 and each day thereafter until the Judgment Amount is paid in full; and (iii) grant such other relief as the Court deems just and equitable.

**[THIS SPACE INTENTIONALLY LEFT BLANK – SIGNATURE PAGE FOLLOWS]**

Dated this 7th day of June, 2019.

Respectfully Submitted,
**KLITZMAN LAW GROUP, PLLC**

By: /s/ Lawrence S. Klitzman
Lawrence S. Klitzman, Esquire
Florida Bar No. 312878
1301 International Parkway
Suite 120
Sunrise, Florida 33323
Tel: (954)-384-4421
Lsk@klitzlaw.com
*Attorney for Plaintiff*

Dated this 7th day of June, 2019

Respectfully Submitted,
**Shumaker, Lop & Kendrick, LLP**

By: /s/ Robert R. Warchola
Robert R. Warchola, Esquire
Florida Bar No. 0517038
101 East Kennedy Blvd.,
Suite 2800
Tampa, Florida 33602
Tel: (813)-229-7600
rwarchola@slk-law.com
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of this Motion for Final Judgment in Garnishment has been served on the above Defendant by the court's e-filing portal this 7th day of June, 2019.

**KLITZMAN LAW GROUP, PLLC**

Respectfully submitted,
/s/ *Lawrence S. Klitzman*
Lawrence S. Klitzman
(Florida Bar No. 312878)
KLITZMAN LAW GROUP, PLLC
1301 International Parkway
Suite 120
Sunrise, FL 33323
Tel.: (954) 384-4421
Fax: (954) 389-9579
lsk@klitzlaw.com

*Attorneys for Plaintiff*